UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS WEINSTEIN,

Plaintiff,

v.

MANDARICH LAW GROUP, LLP,

Defendant.

Case No. C17-1897 RSM

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Defendant Mandarich Law Group, LLP ("Mandarich")'s Motion for Protective Order. Dkt. #16. Mandarich moves for a protective order preventing it from being required to produce Ryan Vos, its 30(b)(6) representative, for a deposition in Washington State. *Id*. Instead, Mandarich proposes that this deposition take place in California where it is located and where Mr. Vos is a resident. *Id*. According to Mandarich's briefing, Mr. Vos "does not routinely travel for business purposes." *Id*. at 2. Mandarich has declined to pay for Plaintiff Thomas Weinstein's counsel to travel to California, and suggests that deposition could occur by video conference. *See id.* at 3–4. The Court notes that Ryan Vos is also Mandarich's sole counsel of record in this case. *See* Dkt. #6.

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 1

Mr. Weinstein argues it would be a financial burden to pay for his counsel to travel to California for the deposition. Dkt. #17. He notes that, under Washington Rule of Professional Conduct 1.8, such a cost would ultimately be his burden as the client. He submits a declaration informing the Court of his financial status. He states that he makes $19.50 per hour, has minimal savings, lives paycheck to paycheck, and that his pregnant wife was injured on the job and is currently on disability. Dkt. #17-2.

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" *Id*. "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(3). "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

"In the absence of special circumstances, 'a party seeking discovery must go where the desired witnesses are normally located.'" *Clairmont v. Genuity, Inc.*, No. C02-1876L, 2004 WL 2287781, at *1 (W.D. Wash. Mar. 26, 2004) (quoting *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 627 (S.D.Cal.2001)). "A plaintiff's claim of financial hardship does not constitute special circumstances, at least when… that claim is not accompanied by other exceptional circumstances." *Id.* (citing *General Leasing Co. v. Lawrence Photo–Graphic Supply, Inc.*, 84 F.R.D. 130, 131 (W.D. Mo. 1979)). Factors to consider when determining whether another location for the deposition is appropriate include:

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 2

"(1) location of counsel in the forum district; (2) number of corporate representatives to be deposed; (3) likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship." *Lynch v. Safeco Ins. Co. of Am.*, No. C13-654-BAT, 2014 U.S. Dist. LEXIS 189107, *9-10 (W.D. Wash. Mar. 14, 2014) (citing *Stonebreaker v. Guardian Life Ins. Co.*, 820 F. Supp. 2d 1096, 1098 (S.D. Cal. 2011). The expense to the parties and judicial economy are also considerations. *Id.* at *10 (citing *Cadent Ltd. v. 3M Unitek*, 232 F.R.D. 625, 628-29 (C.D. Cal. 2005)). A district court has "wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

This case presents the exceptional circumstance of Mandarich's sole attorney of record being named as the 30(b)(6) deponent.[1] Mr. Vos, although licensed to practice law in the State of Washington, resides in California. He states in briefing that he does not often engage in travel for business purposes, however he is representing a client in this district and could easily be required to travel here for a hearing or the trial. Another exceptional circumstance is the nature of Defendant's business. The Court is convinced by the evidence submitted that Defendant routinely avails itself of Washington State courts in its business, including in prior legal action against Mr. Weinstein. *See* Dkts. #5-1 and #17-1. This leads the Court to doubt the credibility of Mr. Vos' unsubstantiated statement that he does not routinely travel for business. While Mr. Weinstein's claim of financial hardship does not alone constitute special circumstances, combined with these "other exceptional circumstances" it weighs as a

---

[1] The Court also notes how Mr. Vos acting as Mandarich's sole counsel *and* its 30(b)(6) witness may eventually lead to problems under Washington Rule of Professional Conduct 3.7, even if it does not violate the rule. Comment 1 to RPC 3.7 states, "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client."

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 3

consideration before the Court. Mr. Weinstein has presented credible evidence of an undue hardship to pay for his counsel to travel to California for a deposition. Indeed, his inability to pay a few thousand dollars is a fundamental background fact in this action. *See* Dkt. #1-3. Given the nature of the claim and the parties' relationship, equity tips in favor of Plaintiff.

Given all of the above, and having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Mandarich's Motion for Protective Order (Dkt. #16) is DENIED. The deposition should occur as requested by Plaintiff. The Court declines to strike any arguments in Defendant's briefing.

DATED this 10th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE