The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS WEINSTEIN,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>MANDARICH LAW GROUP, LLP.<br><br>　　　　　　Defendant. | NO.  2:17-cv-01897-RSM<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br><br>July 27, 2018 |

## I.　　INTRODUCTION

In September 2014, Plaintiff Thomas Weinstein was sued in King County Superior Court by Mandarich Law Group, LLP ("Mandarich") in a debt-collection lawsuit.  Daunted by the prospect of the expense of retaining counsel, Mr. Weinstein negotiated a settlement agreement with Mandarich whereby Mr. Weinstein would make regular monthly payments in order to stop the lawsuit from proceeding.

Despite Mr. Weinstein keeping his end of the bargain (by making regular payments for over one year), Mandarich covertly moved for a default judgment anyway, failing to provide notice to Mr. Weinstein as required by Washington law.  In acquiring its improper judgment, Mandarich obtained judgment for the full amount (plus additional fees and costs), which failed to

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

account for Mr. Weinstein's payments in excess of one thousand dollars. Mr. Weinstein first learned of these actions when he received a wage garnishment. These actions violate the Fair Debt Collection Practices Act ("FDCPA") and Washington Collection Agency Act ("WCAA").

Mandarich does not contest that these events occurred; instead, Mandarich appears to argue that it is immunized from liability due to its "bona fide error" defense. After this Court ordered Mandarich to attend its Rule 30(b)(6) deposition in Seattle, Mandarich could not answer basic questions about its bona fide error defense. Mandarich essentially argued that its "procedure" is to not violate the law (which is not a procedure at all), but that it did not agree that any errors occurred.

Even if Mandarich can establish that a genuine error occurred (with respect to each claim under the FDCPA), it is clear that Mandarich has no legitimate procedures sufficient to qualify for the bona fide error defense. Between 2012-2015, Mandarich filed 6,262 lawsuits in Washington State alone, and Mandarich's witness, Ryan Vos, testified that not only is he the sole attorney at Mandarich who practices in Washington, but that he practices in several other states as well, and oversees several other collection attorneys. Despite this large-scale collection operation, Mandarich has remarkably few safeguards beyond trying not to commit any errors. As Mr. Vos testified concerning the "procedure" to prevent improperly moving for default:

> (Mr. Vos): …However, as it relates to it had been over one year, we do have a procedure in place to check for that, and that's what this affirmative defense addresses.
> Q. What is the procedure?
> A. To check to make sure it's not over a year.
> Q. So if I understand what you're saying, your procedure is to not violate the rule?
> A. The procedure is to check to ensure that it's not over a year.
> Q. And --
> A. We have a procedure that requires us to do that.
> Q. What is the procedure?
> A. To check.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Defendant Mandarich simply cannot maintain a bona fide error defense on these facts.

Mandarich has admitted that it failed to provide Mr. Weinstein with notice and that it failed to credit his payments in the default judgment. Plaintiff now moves for partial summary judgment as to Mandarich's liability for violating the FDCPA and WCAA as to certain claims, and as to Mandarich's bona fide error defense (or lack thereof).

## II.   FACTS

### A. Mandarich Sued Mr. Weinstein and the Parties Negotiated a Settlement

On September 18, 2014, Thomas Weinstein was served with a collection lawsuit for an alleged unpaid credit card debt in the principal amount of $3,028.05.[1] Declaration of Thomas Weinstein (*Weinstein Decl.*) at ¶ 3, dkt #6 at ¶ 5 (Answer). Unable to afford a lawyer and unable to pay the amount in full, Mr. Weinstein contacted Mandarich by phone. *Weinstein Decl.* at ¶ 4. During the call, the parties settled the case; in exchange for resolving the collection lawsuit, Mr. Weinstein would pay only the principal amount in installments, with an initial payment of $302.81, and then $97.33 monthly payments beginning November 2014. *Id.* at ¶ 7, Ex. A (October 6, 2014 letter). A letter confirming the arrangement was sent by Mandarich to Mr. Weinstein. *Id.* The payments would be automatically processed by Mandarich via Mr. Weinstein's debit card. *Id.*

### B. Mandarich Obtains a Clandestine (and Erroneous) Judgment

Mr. Weinstein's payments were processed automatically every month by Mandarich, as agreed. *See Weinstein Decl.* at Ex. C (confirmation of payment letters). Unbeknownst to Mr. Weinstein – and for reasons still unclear – on October 13, 2015, Mandarich moved for a default

---

[1] The plaintiff in that collection lawsuit was CACH, LLC, a debt-buyer who is not a party to this action. *See* dkt #1-1 at p. 13 (copy of the collection lawsuit pleading). Mandarich Law Group, LLP, acted as the collection firm in that case.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

judgment in King County Superior Court.  Declaration of Jason D. Anderson (*Anderson Decl.*) at Ex. A.  Though the motion for default judgment should never have been filed at all, two specific issues are pertinent to Mr. Weinstein's instant motion.

First, Mandarich did not send Mr. Weinstein notice of its default motion as required by the rules.  Mandarich admits that they failed to provide notice to Mr. Weinstein, although Mandarich is unclear whether this failure was an "error" or a misunderstanding of applicable law.  *Anderson Decl.* at Ex. B (Deposition of Defendant Mandarich Law Group, LLP)[2] at 107:16 – 109:19; 128:4-18.

Second, in its motion and order for default judgment submitted to the King County Superior Court, Mandarich stated that Mr. Weinstein still owed the entire principal amount of $3,028.05, despite the fact that he had been making regular payments for over a year.  *Anderson Decl.* at Ex. A.  Based on these (false) representations, the court entered judgment as requested, which included additional costs and fees, for a total judgment of $3,558.05.  *Id*.  Mandarich admits that their failure to credit Mr. Weinstein for the amounts paid was improper.  Vos Dep. at 95:14-19, 128:1 – 129:3.

**C. Mandarich's Bulk-Collection-Lawsuit Practices and Procedures**

Mandarich has asserted a "bona fide error" defense in this case, and Mandarich's business practices are pertinent to this inquiry – particularly as to whether any "procedure" is "reasonably adapted" to avoid any particular error.

Mr. Weinstein has previously made this Court aware of Mandarich's extensive collection activities in Washington State in his response (dkt. #17) to Mandarich's unsuccessful motion for protective order (which this Court denied on May 10, 2018 (dkt. #19)).  According to the

---

[2] The designated witness was prior counsel in this case, Ryan Vos.  For clarity, Mandarich's deposition testimony will be referred to as "Vos dep." and cited as "page:line number."

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Washington Administrative Office of the Courts, Mandarich Law Group filed 6,262 cases in Washington between 2012 and 2015, averaging six lawsuits per business day in Washington alone. Dkt. #17 at 4. Several King County Superior Court judges have admonished or sanctioned Mandarich for failing to follow rules in pursuit of default judgments and for making false statements. *Id*.

To manage these thousands of collection lawsuits, Mandarich has only one Washington-licensed attorney, Ryan Vos. Vos Dep. at 12:5-7. Mr. Vos is a managing attorney with "a lot of different duties" at Mandarich, including overseeing other attorneys and filing lawsuits in California, Oregon, Idaho, and Alaska. *Id*. at 10-13. Mandarich also brings debt collection lawsuits in numerous other states. *Id*. at 14.

At issue in this motion are Plaintiff's claims relating to two specific events: (1) Mandarich's failure to provide notice to Mr. Weinstein of the (improper) motion for default judgment, and (2) Mandarich's acquisition of a default judgment for the full amount of the complaint, plus additional fees, with no credits for Mr. Weinstein's numerous payments.

**D.  This Motion Seeks Summary Judgment on Legal Issues and Undisputed Facts**

This motion concerns Mandarich's liability for the two aforementioned events, which are undisputed. The legal issues concern the application of the FDCPA and WCAA. Plaintiff's attached declaration is provided to establish his appearance in the collection lawsuit shortly after he was served, but for reasons discussed below, Mr. Weinstein was <u>also</u> entitled to notice of the motion for default because more than one year had passed since service of process. In other words, Plaintiff's declaration is provided for completeness, but the relevant facts for purposes of this motion are not disputed.

While Plaintiff expects that he will be asked for his deposition, any such testimony does

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

not impact this narrowly-focused motion, and therefore summary judgment is appropriate.

## III. LAW AND ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the initial burden is met, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

Facts must be viewed in the light most favorable to the non-moving party <u>only if there is a *genuine* dispute to those facts</u>. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. (citation omitted). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and the Court should grant summary judgment. *Id*.

### B. Legal Standard: The FDCPA Imposes Strict Liability on Debt Collectors, and Whether a Communication is False or Misleading is Governed by an Objective Standard.

1. <u>The FDCPA is a strict-liability statute construed liberally in favor of debtors.</u>

The Fair Debt Collection Practices Act was enacted to protect consumers from improper or abusive debt collection efforts. 15 U.S.C. § 1692. The FDCPA is a strict-liability statute which "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *see also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). "A single violation of any

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

provision of the Act is sufficient to establish civil liability under the FDCPA." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

The FDCPA is a remedial statute construed liberally in favor of the consumer. *Tourgeman v. Collins Fin. Servs, Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("we wish to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors.").

    2. <u>The "least sophisticated consumer" standard applies to Plaintiff's FDCPA claims.</u>

The FDCPA's "statutory text itself is aimed squarely at the debt collector's conduct, rather than at its effect on the consumer." *Tourgeman*, 755 F.3d at 1117. In determining whether a § 1692e (false or misleading representations) or § 1692f (unfair practices) violation has occurred, courts apply the "least sophisticated consumer"[3] standard. *Wade v. Regional Credit Ass'n.*, 87 F.3d 1098, 1100 (9th Cir. 1996). "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citation and internal quotation marks omitted).[4] The inquiry is therefore objective; it is not relevant whether a particular person was actually misled.

The least sophisticated consumer standard "protects all consumers, the gullible as well as the shrewd...the ignorant, the unthinking, and the credulous." *Clark*, 460 F.3d at 1171 (citation and quotation omitted). "Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by

---

[3] This is alternatively termed the "least sophisticated debtor" standard.

[4] *See also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) (The "least sophisticated consumer" standard is from the perspective "of the average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence.")

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

a communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Whether a violation of §§ 1692e or 1692f has occurred is a question of law. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).

### C. Defendant Is Subject To The FDCPA and WCAA

Mandarich admits that it is a "debt collector" under 15 U.S.C. §1692a(6) and a "collection agency" under RCW 19.16.100(4), and that Mr. Weinstein is a debtor as defined by RCW 19.16.100(7). *See* Mandarich's Responses to Requests for Admission, *Anderson Decl.* at Ex. C. There is no meaningful dispute that Mr. Weinstein was pursued on a debt as defined in the FDCPA. *See*, *e.g.*, *Davis v. Midland Funding, LLC*, 41 F. Supp. 3d 919, 925 (E.D. Cal. 2014).

### D. Mr. Weinstein Was Entitled To Notice Of The Application For Default Judgment

Under two separate provisions of Washington's Civil Rules, Mandarich was required to give Mr. Weinstein notice of their application for a default judgment. It is undisputed that they failed to do so.

#### 1. Notice must be given upon an appearance, which is broadly defined

"Any party who has appeared in the action **for any purpose** shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion." CR 55(a)(3) (emphasis added).

Washington's Supreme Court has noted that CR 55 does not define "appear" or "appeared," but acknowledged that for over a century, Washington has applied the doctrine of substantial compliance to what constitutes an appearance. *Morin v. Burris*, 160 Wn.2d 745, 754-55 (2007). In applying the "substantial compliance doctrine," a defendant's conduct after

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 8
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

litigation has commenced is examined.[5]  *Id.*  A party may appear formally (through a pleading) or informally (by conduct).  *Id. at* 749.

The standard for what constitutes an "appearance" is very low, as the alternative – a default judgment – is a specifically disfavored outcome in Washington law.  *Servatron, Inc. v. Intelligent Wireless Products, Inc.*, 186 Wn. App. 666, 675 (2015) ("Because default judgments are disfavored, the concept of "appearance" is to be construed broadly for purposes of CR 55") (citations omitted).  Accordingly, any "appearance" warrants notice of a motion for default.

2. <u>Even if there is no appearance, notice must be given after the passage of one year from service</u>

Even where there is no appearance, where more than one year has elapsed since service of a lawsuit, CR 55(f)(1) requires a party moving for default to serve a notice of the motion for default on the party in default.  This is a bright-line rule.

3. <u>Mr. Weinstein was entitled to notice of the motion for default</u>

There are only two possible outcomes, both of which encompass improper conduct by Mandarich: Either (A) Mr. Weinstein appeared, and was entitled to notice of the motion for default, or (B) Mr. Weinstein did not "appear," but passage of one year since service entitled Mr. Weinstein to notice of the motion for default.

---

[5] As the rule is meant to preserve the rights of litigants and ensure that cases are adjudicated on the merits, this is a low standard.  Simply "showing up" in a case after litigation has commenced has always constituted an appearance.  *See*, *e.g.*, *State ex rel. Trickel v. Superior Court of Clallam County,* 52 Wn. 13, 14 (1909) (the defendant did not file a formal notice of appearance but served interrogatories upon the plaintiff); *Dlouhy v. Dlouhy,* 55 Wn.2d 718, 722 (1960) (defendant's personal appearance in court in divorce action to oppose temporary restraining order sufficient to establish appearance); *Warnock v. Seattle Times Co.,* 48 Wn.2d 450, 452 (1956) (service of the demand for security for costs was sufficient to constitute appearance); *Tiffin v. Hendricks,* 44 Wn.2d 837, 844 (withdrawal of defendant's counsel did not rescind appearance after written notice of appearance was served on plaintiff's counsel); *State ex rel. LeRoy v. Superior Court,* 149 Wn. 443 (1928) (defendant's appearance on a bond in an unlawful detainer action).

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 9
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

First, Mr. Weinstein "appeared" within the context of the Washington Supreme Court's parameters outlined above.  Upon receipt of the lawsuit, Mr. Weinstein called Mandarich to arrange a settlement in order to resolve the lawsuit.  *Weinstein Decl*. at ¶¶ 3-8; dkt. #6 at 2 (Answer).  This suffices as an "appearance" and thus entitled Mr. Weinstein to notice of the motion for default under CR 55(a)(3).

Second, even if Mr. Weinstein had not "appeared," there is no dispute that one year had passed since Mr. Weinstein was served on September 18, 2014 and when Mandarich moved for default on October 13, 2015.  *Anderson Decl*. at Ex. A; dkt. #6 at ¶ 5.  There is no scenario in which Mr. Weinstein was not entitled to notice of the motion.

### E. Defendant Violated the FDCPA

#### 1. Defendant violated 15 U.S.C. § 1692e

Section 1692e, generally, prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).  A misstatement need not be knowing or intentional to support liability.  *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

First, Mandarich's failure to serve Mr. Weinstein with a notice of its motion for default judgment – while representing to the state court that it had complied with the governing civil rules and was entitled to a judgment – constitutes a false, deceptive, or misleading representation.  Had the state court been informed that Mandarich failed to follow CR 55, no default judgment would have been entered, and therefore Mandarich's representations were false, deceptive, and/or misleading.  *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109 (9th Cir. 2014) (deceptive letters actionable under the FDCPA even where consumer did not

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 10
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

receive the letters, as the FDCPA addresses the debt collector's representations and not the consumer's subjective experience).

Second, Mandarich's representations that Mr. Weinstein owed $3,028.05 (and that a default judgment in that amount was appropriate) were simply false. Mr. Weinstein had made over a thousand dollars in payments by October 2015, and Mandarich failed to account for a single one of those payments. Therefore, Mandarich violated 15 U.S.C. § 1692e.

2. Defendant violated 15 U.S.C. § 1692e(2)

Section 1692e(2) prohibits "[t]he false representation of ... the character, amount, or legal status of any debt." *Donohue*, 592 F.3d at 1030.

The actions identified in subparagraph 1 above (§ 1692e violations) would also apply here, as the "character, amount, or legal status" of the debt was misrepresented in both instances. By moving for a default judgment despite failing to follow CR 55's notice requirements, Mandarich misrepresented the character or legal status of the debt, and by misrepresenting the amount owed, Mandarich misrepresented the amount of the debt. Each action therefore violates § 1692e(2).

3. Defendant violated 15 U.S.C. § 1692e(5) and § 1692e(10)

Section 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011). This generally encompasses *actually taking* actions which cannot legally be taken. *See Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1246 (W.D. Wash. 2006). In addition, a debt collector violates 15 U.S.C. § 1692e(10) if it "use[s] ... any false representation or deceptive means to collect or attempt to collect any debt." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012).

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 11
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

The conduct described above similarly violates sections 1692e(5) and e(10), as Mandarich could not lawfully move for a default judgment without providing notice, and misrepresented how much was owed in the process.

### 4. Defendant violated 15 U.S.C. § 1692f and § 1692f(1)

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Donohue*, 592 F.3d at 1030.

Section 1692f(1) prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount (including any interest, fee, charge, or expense ...) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949 (9th Cir. 2011).

Here, Defendant violated § 1692f and f(1) by moving for default without providing notice as required, and by misrepresenting the amount of the debt and thereby obtaining an inflated judgment in an amount not owed.

### F. Mandarich Has No "Bona Fide Error" Defense

While Mandarich will likely assert that these violations were the result of errors, the "bona fide error" defense provided in 15 U.S.C. § 1692k(c) requires <u>much</u> more than simply showing that an error occurred or that it was unintentional. The "bona fide error" defense is an affirmative defense which must be proven by the defendant. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008). Here, as Plaintiff moves for summary judgment on two causes of action, Mandarich must establish the defense as to each cause of action.

A defendant asserting "bona fide error" bears the burden of establishing that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 12
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

maintained procedures reasonably adapted to avoid the violation. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) (citation omitted).

As to the third element: "If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect. <u>The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error</u>." *Reichert*, 531 F.3d at 1007 (citation omitted) (emphasis added).

### 1. <u>Mandarich does not acknowledge a violation of the FDCPA</u>

By denying that there was any violation of the FDCPA, but also seeking to raise the bona fide error defense, Mandarich wishes to have its cake and eat it too. Dkt. #10 at 2 (Amended Affirmative Defenses).[6] As the party with the burden to establish each element of its affirmative defense, Mandarich must take a position as to whether each of Plaintiff's causes of action constitutes a violation of the FDCPA. Mandarich cannot simultaneously argue that there was no violation, but that a bona fide error defense applies anyway.

### 2. <u>Mandarich cannot show any bona fide error</u>

Mandarich's defense is, fundamentally, plagued by circular reasoning. Mandarich essentially claims that its procedures are to follow the law and not make errors. *See* dkt. #10 at ¶¶ 3-8. Logically speaking, this means that when an error occurs, that error is itself a violation of the "procedure" of "not making errors." As discussed in subsection 3 below, this is not a "procedure" in any meaningful sense of the word.

At other times, Mandarich simply refuses to identify any error. Ultimately, to the extent

---

[6] Plaintiff notes that the purported "amendment" may not comply with Fed. R. Civ. P. 15 as a purported amended pleading, but the document is ultimately immaterial as Defendant cannot meet the elements of its defense.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 13
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Mandarich even asserts that an error occurred, Mandarich is not able to explain how each specific "error" resulted in an FDCPA violation.

Mandarich's Rule 30(b)(6) witness, Ryan Vos, first explained that an "error" (overlooking the incorrect dollar amount when reviewing the motion) <u>resulted from</u> the "process" (reviewing the motion), and did not occur <u>despite</u> the process:

> Q. Before you signed off on this document, did you review the file?
> A. Yes.
> Q. And would the file have reflected payments?
> A. Yes.
> Q. So when you reviewed this document and signed it and filed it, you were aware that payments had been made.
> A. Yep.
> Q. Yet the document still reflects that none were made?
> A. Yes, that's accurate.  I review for payments.  I'm sure I did review for payments.  This was a simple clerical error.  It was part of my process.

Vos Dep. at 97:2-16.  Next, the witness disclaimed the existence of any errors altogether:

> Q. Paragraph 2 [of Mandarich's amended affirmative defenses] says "Any violation occurred despite the maintenance by Defendants of procedures reasonably adapted to avoid such error."
> A. Okay.
> **Q. What is the error?**
> **A. Why don't you tell me.**
> Q. Well, you're asserting the defense, so I'm wondering what the error is that the defense applies to.
> A. Specifically?
> Q. Yeah.
> A. Well, like I said, you're pleading, your client is pleading that there were errors. So are you being specific as to a particular situation? Because then I can speak to that.
> Q. Well, essentially a bona fide error defense is an affirmative defense.
> A. Yes.
> Q. So a defendant asserting that would have to prove specific elements.
> A. Okay.
> Q. One of them would be that there was an error.
> A. Okay.
> Q. So if you're going to prove the affirmative defense, **what are the errors that the defense applies to?**
> A. **Well, I'm not necessarily saying there is any.** But if you're referring to number 3, which it says "Specifically, relative to...Defendant's policy is to

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 14
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

> provide consumers with notice as required by CR 55." Is that what you're referring to?
> Q. We can talk about that. I'm just asking which errors occurred. You're asserting in your affirmative defense that an error occurred, so I'm just asking what they are.
> A. **Well, I'm not saying that an error did occur**. I'm saying if you're pleading that an error occurred, and if it was specific to notice being provided for purposes of default, then we have a policy that addresses that.
> Q. Okay.
> A. And so therefore we have a bona fide error defense to that.
> Q. So maybe going forward we can just assume that these are errors and --
> A. **Well, I'm not going to assume any errors**. But we can address the fact that if there were an error, we believe that we have a policy that would alleviate from that, and that's why we pled the bona fide error.

Vos Dep. at 102:22 – 104:23 (emphasis added). Finally, with respect to moving for default after one year had elapsed since service of process, the witness presented a cryptic chicken-and-egg argument:

> (Mr. Vos): …However, as it relates to it had been over one year, we do have a procedure in place to check for that, and that's what this affirmative defense addresses.
> Q. What is the procedure?
> A. To check to make sure it's not over a year.
> Q. So if I understand what you're saying, your procedure is to not violate the rule?
> A. The procedure is to check to ensure that it's not over a year.
> Q. And --
> A. We have a procedure that requires us to do that.
> Q. What is the procedure?
> A. To check.

Vos Dep. at 108:2-15.

In total, Mandarich has not provided any meaningful answers in discovery identifying the supposed "error" which occurred <u>despite</u> the maintenance of procedures reasonably adapted to avoid that specific error. At best, Mandarich has explained that it made some errors which <u>resulted from</u> their "procedures," which is the exact opposite of errors which occurred <u>despite</u> the existence of procedures. In any event, Mandarich's defense fails as it cannot perform the basic task of identifying any particular errors as to Plaintiff's causes of action.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 15
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

### 3. No procedures were maintained by Mandarich

As seen above, Mandarich denies that any violations of the FDCPA occurred, and has difficulty committing to whether any errors occurred. Furthermore, Mandarich's only explanation of any "procedures" is no different from counsel's existing obligations to review a litigation file before taking action. This cannot constitute a "procedure" designed to capture and avoid any particular errors (assuming any exist).

### 4. Any procedures maintained by Mandarich were not "reasonably adapted" to avoid the error at issue

Mandarich's bona fide error defense fails for the numerous reasons identified above. Even assuming each of the foregoing elements was met, Mandarich essentially has no "procedures" of any type, and thus there can be none which were "reasonably adapted" to avoid any errors. Further discussion would simply be speculation on Plaintiff's part (as Mandarich has been unable to articulate the elements of its supposed defense).

### 5. Conclusion: No bona fide error defense is available

It is simply not possible for Mandarich to maintain a bona fide error defense on these facts. A bona fide error defense is much, much more involved than merely asserting that a violation of the FDCPA was unintended. Therefore, this Court should grant summary judgment, and dismiss Mandarich's bona fide error defense as to all claims.

**G. Defendant Violated the WCAA**

As discussed above, Mandarich (A) moved for a default judgment without providing the required notice to Mr. Weinstein, and (B) sought to collect (and obtained a judgment upon) amounts which could not legally be collected. These actions simultaneously violates several provisions of both state and federal law. Plaintiff does not contend that each FDCPA violation is

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 16
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

*necessarily* or *causally* a violation of the WCAA, but rather that, in this case, the same offending behavior happens to overlap (and violate) several statutes. Thus, in the interests of brevity and judicial economy, Plaintiff incorporates by reference the preceding sections of this brief.

Mandarich's two actions described above caused interrelated and compounding problems for Mr. Weinstein. Mandarich obtained a default judgment without providing notice to Mr. Weinstein, Mandarich represented in its filings to the King County Superior Court (and thus by extension, Mr. Weinstein, who was the defendant in that proceeding) that entry of judgment was proper. As a consequence, this caused the entry of a judgment against Mr. Weinstein when there should have been no judgment. In so doing, Mandarich also misrepresented the amounts actually owed, resulting in not only an improper judgment, but a judgment for an inflated amount ($3,558.05). There should have been no judgment, and Mr. Weinstein did not owe $3,558.05.

First, RCW 19.16.250(16) prohibits threats to take actions that cannot legally be taken. The phrasing of this subsection is nearly the same as 15 U.S.C. § 1692e(5), which is understood to also prohibit <u>actually taking</u> prohibited actions. *See* section E(3), *supra*. Accordingly, Mandarich's actions violate RCW 19.16.250(16), as the aforementioned actions were unlawful and could not be lawfully taken, including but not limited to failing to provide notice, representing to the court that a default judgment was proper, and (setting aside the impropriety of the judgment itself) obtaining a judgment for an inflated balance.

Second, RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts not authorized by law. As Mr. Weinstein did not owe $3,558.05, all actions taken in furtherance of the improper default judgment are violations of RCW 19.16.250(21).

Third, RCW 19.16.250(15) prohibits a collection agency from communicating with the debtor and representing that the existing obligation may be or has been increased by the addition

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 17
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

of fees when such fees may not be legally added. Under these circumstances, this essentially tracks the violations of RCW 19.16.250(21), as any representations concerning the inflated amounts were improper and unlawful.

Thus, Defendant Mandarich violated the WCAA on numerous occasions when it took the actions identified above. As the number of WCAA violations is immaterial at this time, Plaintiff need not detail the number of ways in which each statute was further violated by Defendant.

**H. Plaintiff Does Not Seek Summary Judgment on Damages At This Time**

Plaintiff will seek recovery of his actual damages at trial and a determination of his attorney's fees and costs at the conclusion of this case.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this motion for partial summary judgment be granted.

Dated this 5th day of July, 2018.

**ANDERSON SANTIAGO, PLLC**

By: /s/ Jason D. Anderson
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorney for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 18
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

**Certificate of Service**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nicole M. Strickler
Messer Strickler, LTD
225 West Washington, Suite 575
Chicago, IL 60602

    /s/ Jason D. Anderson
Jason D. Anderson

CERTIFICATE OF SERVICE - 1
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719