Nicole M. Strickler
Messer Strickler, Ltd.
225 W. Washington St., Suite 575
Chicago, IL 60606
nstrickler@messerstrickler.com
(312) 334-3442 (direct)

Attorney for Defendant
MANDARICH LAW GROUP, LLP

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | | |
|---|---|---|
| THOMAS WEINSTEIN, | ) | CASE NO. 2-17-cv-01897-RSM |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| MANDARICH LAW GROUP, LLP, | ) | NOTE ON MOTION CALENDAR: |
| | ) | September 28, 2018 |
| Defendant. | ) | |

Defendant, Mandarich Law Group, LLP ("MLG"), by and through its undersigned counsel, hereby moves for summary judgment and in support of which states as follows:

INTRODUCTION

Plaintiff's lawsuit arises out of a debt collection action brought by MLG on behalf of its client CACH, LLC against Plaintiff in King County Superior Court. *See* Complaint (Dkt. #1-3) ¶5. Plaintiff alleges that after he settled the lawsuit with MLG, MLG sought a default judgment for an incorrect amount and without providing notice to Plaintiff in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Washington Collection Agency Act ("WCAA"). Plaintiff further alleges that MLG sought amounts not allowed by law as part of garnishment proceedings in violation of the FDCPA and WCAA and failed to itemize the complaint as

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT
2-17-cv-01897-RSM

1

**MESSER STRICKLER, LTD.**
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

required by the WCAA. Plaintiff seeks injunctive relief in connection with the claimed violations of the WCAA as well as actual and statutory damages.

## FACTS

On September 18, 2014, MLG served Plaintiff with a summons (the "Summons") and collection complaint seeking $3,028.05 in damages on an unpaid credit card debt plus costs of suit and statutory attorneys' fees (the "Complaint"). *See* Complaint (Dkt. #1-3) ¶5; Plaintiff's Cross-Motion (Dkt. #25) p. 3; Decl. of Plaintiff (Dkt. #25-2) ¶2; July 20, 2018 Affidavit of Ryan Vos (Dkt. #27-1) ¶4; Ryan Vos Dep. Trans. (Dkt. #25-1 at Exhibit C) 29:3-31:17. The Summons warned Plaintiff that if he did not serve a response to the Complaint within twenty (20) days of service of the Summons a default judgment could be entered against him without notice. *See* Summons (Dkt. #27-1 p. 6). On October 3, 2014, Plaintiff contacted MLG and agreed to make monthly payments from his debit card toward the debt, including an initial payment of $302.81, plus $97.33 per month for twenty-eight (28) months beginning November 27, 2014.[1] *See* Complaint (Dkt. #1-3) ¶5; Plaintiff's Cross-Motion (Dkt. #25) p. 3; Decl. of Plaintiff (Dkt. #25-2) p. 5-6. Plaintiff was informed during the call that "he would be sent documentation that he would need to sign and send back." *See* Ryan Vos Dep. Trans. (Dkt. #25-1 at Exhibit C) 31:18-32:16, 33:22-34:1. Thereafter on October 8, 2014, Plaintiff was advised in writing by MLG that unless he signed the enclosed stipulation for judgment or dismissal and returned same to MLG by October 18, 2014 that the litigation would continue, notwithstanding the payment arrangement. *See* Decl. of Plaintiff (Dkt. #25-2) p. 8-11. MLG attempted to contact Plaintiff on

---

[1] Plaintiff claims that pursuant to this call he "reached a settlement agreement" with MLG. *See* Decl. of Plaintiff (Dkt. #25-2) ¶4. Said testimony constitutes a legal conclusion. Notably, there is no evidence that any such agreement was reached, and in fact such a conclusion is controverted by the October 8, 2014 correspondence subsequently received by Plaintiff.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

2

**MESSER STRICKLER, LTD.**
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

numerous occasions in an effort to obtain a signed copy of the stipulation. *See* June 18, 2018 Affidavit of Ryan Vos (Dkt. #27-2) ¶¶17-18. Notwithstanding, Plaintiff never executed and returned the stipulation to MLG, but rather claims he thought provision of the stipulation was "a mistake." *See* Decl. of Plaintiff (Dkt. #25-2) ¶¶9-11; Thomas Weinstein Dep. Trans. at 33:20-34:7, attached hereto as an Exhibit. Plaintiff, however, never followed up with MLG to clarify whether the stipulation was in fact sent in error. *See* Thomas Weinstein Dep. Trans. at 36:13-21.

Plaintiff also never filed a response to the Complaint. *See* Plaintiff's 2nd Amended Responses to Defendant's First Requests for Admission No. 4 (Dkt. #27-3 p. 2). Accordingly, on October 5, 2015, MLG filed the Complaint with the King County Superior Court (the "Lawsuit").[2] *See* Complaint (Dkt. #1-3) at Exhibit A; Ryan Vos Dep. Trans. (Dkt. #25-1 at Exhibit C) 67:19-69:17. MLG also filed a copy of the service affidavit with the King County Superior Court on that date. *See* July 20, 2018 Affidavit of Ryan Vos (Dkt. #27-1) ¶7. Thereafter, on October 13, 2015, MLG filed a motion and declaration for default and default judgment against Plaintiff in the King County Superior Court seeking $3,028.05 in damages plus costs of suit and statutory attorneys' fees. *See* Decl. of Jason D. Anderson (Dkt. #25-1) p. 4-5; Complaint (Dkt. #1-3) at Exhibit C. The affidavit of service documenting the September 18, 2014 service date was again filed with the Court on that date. *See* July 20, 2018 Affidavit of Ryan Vos (Dkt. #27-1) ¶7. On October 13, 2015, having found Plaintiff was served with the Summons and Complaint and failed to appear, answer or otherwise defend within the time provided by law, Judge Julia Garratt of the King County Superior Court entered judgment for the

---

[2] The only difference between the Complaint that was filed and the one that was served on Plaintiff is the attorney's signature date. *See* Ryan Vos Dep. Trans. (Dkt. #25-1 at Exhibit C) 68:4-70:16; *compare* Filed Complaint (Dkt. #1-3 at Exhibit A) *with* Served Complaint (Dkt. #27-1 p. 8-9).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM
3
**MESSER STRICKLER, LTD.**
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

requested amount for a total judgment of $3,558.05.  *See* Decl. of Jason D. Anderson (Dkt. #25-1) at p. 7; Complaint (Dkt. #1-3) at Exhibit C.

Throughout the aforementioned events, MLG continued to process the payments from Plaintiff, as agreed.  *See* Plaintiff's Cross-Motion (Dkt. #25) p. 3.  Plaintiff's debit card expired in March 2016 and as such, payments on Plaintiff's debt ceased being processed thereafter.  *See* July 20, 2018 Affidavit of Ryan Vos (Dkt. #27-1) ¶10; 2nd Amended Responses to Defendant's First Requests for Admission No. 21 (Dkt. #27-3 p. 3); Ryan Vos Dep. Trans. (Dkt. #25-1 at Exhibit C) 52:9-14, 67:4-10, 80:2-14; Thomas Weinstein Dep. Trans. at 58:5-59:5, 62:9-15.  Plaintiff never updated his payment information with MLG despite learning sometime in 2016 that payments had ceased.  *See* Thomas Weinstein Dep. Trans. at 59:6-9, 64:7-18.

In <u>March 2016</u>, Plaintiff was in possession of the Civil Complaint Schedule for the state court lawsuit and met with attorney Christopher Mulvaney regarding same.  *See* Thomas Weinstein Dep. Trans. at 16:7-24, 36:24-37:17.  On March 10, 2016, Mr. Mulvaney emailed MLG attorney Ryan Vos claiming there was "no dispute about the debt" and that Plaintiff would prefer to enter into a stipulated judgment rather than spend time and money defending the lawsuit.  *See* July 20, 2018 Affidavit of Ryan Vos (Dkt. #27-1) ¶11; Thomas Weinstein Dep. Trans. at 42:1-44:11. Mr. Mulvaney's email included the Civil Complaint Schedule for the Lawsuit as an attachment.  *See id.*; Ryan Vos Dep. Trans. (Dkt. #25-1 at Exhibit C) 83:17-84:7, 90:21-23.  Following receipt of the aforementioned email, MLG made multiple attempts to reach Mr. Mulvaney to discuss the Lawsuit, but to no avail.  *See* June 18, 2018 Affidavit of Ryan Vos (Dkt. #27-2) ¶15; Ryan Vos Dep. Trans. (Dkt. #25-1 at Exhibit C) 52:9-17.

The Civil Complaint Schedule identified the trial date as October 3, 2016.  *See* Civil Complaint Schedule (Dkt. #27-1 p. 18); *see also* Thomas Weinstein Dep. Trans. at 52:14-53:2.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

4

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

Plaintiff did not concern himself with the trial date because he thought a judgment had already been entered against him. *See* Thomas Weinstein Dep. Trans. at 52:25-53:8. While Plaintiff cannot recall specifically when he learned of the judgment, he acknowledges it is possible he knew of the default judgment as early as March 2016 when he met with his attorney. *See id.* at 54:1-56:1. Plaintiff, however, never moved to vacate the default judgment entered against him. *See id.* at 56:12-25.

In April 2017, MLG initiated a wage garnishment against Plaintiff. *See* Complaint (Dkt. #1-3) ¶19; Decl. of Plaintiff (Dkt. #25-2) ¶12. MLG obtained a judgment on the writ in the amount of $1,468.94. *See* Complaint (Dkt. #1-3) ¶20. Plaintiff never took any action in the state court with respect to the garnishment. *See* Thomas Weinstein Dep. Trans. at 68:24-69:1. This lawsuit followed on December 19, 2017. *See* Complaint (Dkt. #1-3).

Plaintiff never paid any attorney any money related to the state court case. *See* Thomas Weinstein Dep. Trans. at 72:19-21. Plaintiff also has not paid any money to any attorney related to this case. *See id.* at 72:22-24. Plaintiff claims to have suffered damages in the form of out-of-pocket expenses for gas, transportation, and parking related to meeting with Mr. Mulvaney and his attorney in this case. *See id.* at 75:25-76:25. Plaintiff, however, admits not knowing nor having any way of knowing how much these claimed expenses are. *See id.* at 77:7-78:16, 84:20-85:6. Moreover, although Plaintiff alleged in his Complaint that he suffered from a loss of reputation at his place of employment as a result of MLG's actions, he now admits he suffered no such loss. *See id.* at 78:17-24; Complaint (Dkt. #1-3) ¶27. In fact, during the relevant time period, Plaintiff has had only positive reviews, promotions and raises. *See* Thomas Weinstein Dep. Trans. at 79:3-10. Similarly, while Plaintiff speculates that MLG's actions may have harmed his credit he acknowledges he has no evidence to support such a position. *See id.* at

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

5

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

81:3-13. Finally, although Plaintiff complains that he has suffered distress as a result of MLG's action, he admits having had no physical symptoms nor ever visiting a doctor with respect to the claimed distress. *See id.* at 82:10-83:1. Plaintiff, per his own testimony, may have filed this lawsuit simply to harass MLG. *See id.* at 85:24-86:2.

## STANDARD

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See id.* at 325. To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(c). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

## ARGUMENT

Plaintiff argues that MLG's actions violated the FDCPA and WCAA for several reasons. First, Plaintiff contends MLG's motion for default judgment was unlawful in violation of both statutes because it: (1) was improperly filed without notice to him, (2) contained material misrepresentations regarding amounts owed and credited and whether he had appeared, and (3) contradicted MLG's purported statements that payments would settle the case. *See* Complaint (Dkt. #1-3) ¶36(a)-(g). Second, Plaintiff contends MLG misleadingly unilaterally stopped taking payments and proceeded with garnishment instead, whereby it sought additional impermissible amounts for post-judgment interest, attorneys' fees and garnishment fees. *See id.* at ¶36(h), (j).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

6

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

Third, Plaintiff contends MLG wrongfully filed two writs of garnishment on a void judgement. *See id.* at ¶36(i). Finally, forth, Plaintiff contends that the Complaint that was filed with the state court failed to itemize the claim as required by the WCAA. *See id.* at ¶42. For the reasons stated in more detail below, Plaintiff's FDCPA and WCAA claims fail as a matter of law.

I.   PLAINTIFF'S FDCPA CLAIMS RELATED TO THE DEFAULT JUDGMENT ARE BARRED BY THE STATUTE OF LIMITATIONS.

FDCPA actions must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Notwithstanding the clear and unambiguous language in the statute, the Ninth Circuit has held that equitable tolling applies to FDCPA claims, and when so applied the FDCPA limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Mangum v. Action Collection Servs., Inc.*, 575 F.3d 935, 939-41 (9th Cir. 2009); *but see Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (the limitations period runs from the date of the offending act). Here, the alleged violations surround the filing of a motion for default judgment and contemporaneous entry of default judgment, which occurred on October 13, 2015 – more than two (2) years prior to the filing of this lawsuit. Even assuming equitable tolling applies[3], Plaintiff's own testimony in this case has made clear that he knew of the default judgment no later than October 3, 2016 and potentially as early as March 2016. As both dates predate the filing of this action by more than a year, all claims related to the default judgment are barred by the statute of limitations.

---

[3] Which is itself questionable, considering "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Here, Plaintiff was undisputedly notified by MLG that if he did not execute the proposed stipulation, litigation would continue. Notwithstanding same, Plaintiff failed to execute the stipulation and failed to monitor the litigation. Plaintiff's failure to advise himself of the continued status of the litigation should prevent application of equitable tolling in this instance.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

7

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

II.     ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA.

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis added) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)); *Lenzi v. Redland Ins. Co.*, 140 Wn.2d 267, 277 (2000) ("Res judicata refers to the preclusive effect of judgments, including the relitigation of claims and issues that were litigated, *or might have been litigated*, in a prior action.") (emphasis in original)). In the state of Washington and in federal courts, a default judgment has the same claim-preclusive effect as a judgment on the merits. *See Lenzi*, 140 Wn.2d at 279-81; *In re Garcia*, 313 B.R. 307, 312 n.10 (9th Cir. 2004) ("Valid default judgments establish claim and defense preclusion in the same way as litigated judgments, and are equally entitled to enforcement in other jurisdictions); *Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990) (default judgments are considered "to be a determination on the merits for the purposes of res judicata"). Notably, even where a default judgment was entered in error, it must be honored. *See Federated Department Stores v. Moitie*, 452 U.S. 394, 398 (1981) ("the res judicata [preclusive] consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong").[4] The key consideration here is that Plaintiff "could have raised" the default judgment and subsequent garnishment issues raised in this lawsuit in the state court action by *timely moving to vacate* the default judgment.

As explained *supra*, Plaintiff was on notice of the default judgment no later than October 3, 2016 per his own admission. Plaintiff had at least two (2) avenues which to move to vacate

---

[4] Under Washington law, a default judgment constitutes a final judgment. *See Sherron Assocs. Loan Fund V v. Galaxy Gaming Corp.*, 2007 Wash. App. LEXIS 2479, *13 (Aug. 20, 2007) (unpublished).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

8

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

the default judgment: (1) pursuant to CR 60(b)(1) – relief from judgment due to mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order; and (2) CR 60(b)(4) – relief from judgment due to fraud, misrepresentation, or other misconduct of an adverse party. Under both sections, Plaintiff was required to file his motion to vacate within a "reasonable time" after discovery of the issue giving rise to vacatur. *See* CR 60(b). With respect to a motion to vacate pursuant to CR 60(b)(1) the motion <u>also</u> could not be brought more than one (1) year after the judgment was entered. *See* CR 60(b). In this instance such a motion could have been timely brought by Plaintiff or his attorney – Mr. Mulvaney – had they acted diligently. In the end, however, even if a motion pursuant to CR 60(b)(1) was barred, Plaintiff was still afforded an opportunity to bring a motion to vacate under CR 60(b)(4) within a "reasonable time" of discovering the default judgment. Plaintiff, however, did not do so, and is likely barred from doing so in the future considering the approximate two (2) years that have passed since Plaintiff acknowledges knowing about the judgment.

Notably, Plaintiff would not have had opportunity to bring a motion to vacate under CR 60(b)(5) as the judgment was not void. "A court enters a void order within the meaning of CR 60(b)(5) only when the court lacks personal jurisdiction over a party or subject matter jurisdiction over a claim." *Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co.*, 176 Wash. App. 185, 198 (2013). Here, Plaintiff has admitted that he was served with the complaint which lead to the judgment in this case, which established personal jurisdiction over him as a defendant. *Allstate Ins. v. Khani*, 75 Wash. App. 317, 324 (1994) (service of the summons and complaint establishes personal jurisdiction over a party). Regardless, whether Plaintiff would have been entitled to vacate the judgment or not, the fact remains that he never did so and as such, it stands.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

9

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

Numerous courts have rejected FDCPA claims premised on state court judgments on the basis of res judicata. *See e.g.*, *Sheahy v. Primus Auto. Fin. Servs.*, 284 F. Supp. 2d 278 (D. Md. 2003) (FDCPA claim based on enforceability of debt and improper notice in repossession of vehicle barred by res judicata); *Miller v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 35700, at *10 (D. Md. Apr. 12, 2010) (FDCPA claim based on failure to receive notice of default judgment barred by res judicata because it seeks to contradict prior default judgment); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 352 (E.D.N.Y. 2010) (finding debtor's FDCPA claim based on allegation that defendants improperly obtained civil court judgment barred by res judicata as claims involved issues that could have been raised in state court proceedings); *Szmania v. Bank of Am. Home Loans, Inc.*, 2011 U.S. Dist. LEXIS 98339, at *26 (W.D. Wash. Aug. 30, 2011) (FDCPA claim based on debtor's allegation that defendant had no legal standing to collect monies on note and no "legal assignment" were barred by res judicata as a result of superior court judgment on prior *lis pendens* action); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 944 (N.D. Ill. 2005) (FDPCA claim stemming from action for foreclosure barred by res judicata in that action); *Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014) (affirming dismissal of FDCPA claim that was based on alleged false statements because of conflict with prior state court ruling on the debt); *Minton v. CACH, LLC*, 2014 U.S. Dist. LEXIS 135069, at *10 (E.D. Pa. Sep. 25, 2014) (FDCPA claim alleging improper collection of interest and attorneys' fees was barred by res judicata as state collection court already determined sum was owed).

Res judicata requires "identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) causes of action, (3) subject matter, and (4) the quality of persons for or against whom the claim is made." *Karlberg v. Otten*, 167 Wn. App. 522, 536, 280 P.3d 1123

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

10

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

(2012). Each of the aforementioned elements are satisfied in this case. The first element, identity in parties or their privies, is easily established as MLG is the law firm that represented CACH, LLC in the state court action about which Plaintiff complains. *See Loveridge v. Fred Meyer*, 125 Wash. 2d 759, 764, 887 P.2d 898, 900 (1995) (res judicata element satisfied by identity in parties or their privies). As counsel for the judgment creditor, MLG is clearly in privity with a party to the prior action. *Sahlberg v. P.S.C., Inc.*, 2013 U.S. Dist. LEXIS 86373, *13 (W.D. Wash. June 19, 2013) (law firm representing client in debt collection action satisfied privity element in subsequent action against firm). Parties and their privies also serve to satisfy the fourth element, quality of persons. *Leon v. Boeing Co.*, 2017 Wash. App. LEXIS 58, *13 (Ct. App. Jan. 17, 2017).

The second and third factors, identity in causes of action and subject matter, are also easily established. "Washington law does not necessarily define the term "cause of action" for purposes of res judicata." *Eugster v. Wash. State Bar Ass'n*, 198 Wash. App. 758, 788 (2017). Washington courts have, however, referred to a "cause of action" as the act that occasioned the injury, and as a legal right of the plaintiff invaded by the defendant. *McFarling v. Evaneski*, 141 Wn. App. 400, 405 (2007); *Cowley v. Northern Pacific Railway Co.*, 68 Wash. 558, 563 (1912). Consideration of four factors provides an analytical tool for determining whether two causes of action are identical for purposes of res judicata: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) whether substantially the same evidence is presented in the two actions, (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts. *Berschauer Phillips Construction Co. v. Mutual of Enumclaw Insurance Co.*, 175 Wn. App. at 230 (2013). All four elements need not be present to bar the second legal

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

11

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

action. *See Rains v. State*, 100 Wn.2d 660, 664 (1983). Here, Plaintiff challenges the legality of the default judgment obtained by MLG and MLG's subsequent attempts to collect said default judgment through garnishment proceedings.  Thus, at least the first, second, and fourth factors are present, thereby satisfying identity of causes of action and subject matter.

### III. PLAINTIFF HAS FAILED TO SATISFY HIS BURDEN OF PROVING A § 1692e VIOLATION STEMMING FROM THE LACK OF NOTICE.

As an initial matter, MLG disagrees with Plaintiff's contention that he was entitled to notice of the motion for default merely because he "contacted" MLG to set up a payment arrangement, as same is not equivalent to a notice of appearance under Washington law.  While an appearance may be "informal", it <u>must</u> apprise the plaintiff of the defendant's <u>intent to litigate the case</u>. *See Morin v. Burris*, 160 Wn.2d 745, 755 (2007). "[M]ere intent to defend . . . is not enough." *Id.* at 756.  "[T]he defendant must go beyond merely acknowledging that a *dispute* exists and instead acknowledge that a dispute exists *in court*." *Id.* (emphasis in original).  Here, there is nothing about Plaintiff's contact with MLG that plausibly suggests that he properly appeared in the case in accordance with Washington law.  In fact, the allegations suggest the opposite -- that he did not even intend to litigate the case. *See* Complaint (Dkt. #1-3) ¶7 ("Mr. Weinstein, unable to pay the amount in full and unable to afford a lawyer contacted Mandarich and a payment arrangement was made"."); Decl. of Plaintiff (Dkt. #25-2) ¶3 ("While I was unsure of the validity of their claims, it did not matter since I was unable to pay the amount I was being sued for and I could not afford an attorney, so I called Mandarich to see what could be done to stop the case from progressing.").

That being said, MLG does acknowledge that pursuant to CR 55(f)(1) notice of a motion for default judgment is required when more than one (1) year has elapsed since service of the lawsuit.  That said notice was never provided, however, does not invoke § 1692e.  As Plaintiff

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

12

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

recognizes, § 1692e generally prohibits the use by a debt collector of "any false, deceptive, or misleading *representation*." *See* Plaintiff's Cross-Motion (Dkt. #25) p. 10 (emphasis added). Clearly, any failure to give notice does not constitute a *representation*, but rather the absence of any representation. As Plaintiff has failed to plausibly argue how lack of notice implicates § 1692e or § 1692e(2), the § 1692e claims related to lack of notice fail as a matter of law.

    IV.    PLAINTIFF HAS FAILED TO SATISFY HIS BURDEN OF PROVING A § 1692e or § 1692f VIOLATION STEMMING FROM THE AMOUNT INCLUDED IN THE MOTION FOR DEFAULT JUDGMENT.

Plaintiff's claims that MLG misrepresented the amount owed by Plaintiff in violation of §§ 1692e, 1692e(2), 1692f, and 1692f(1) fair no better. Specifically, Plaintiff alleges in his Complaint that MLG "[r]epresented in a motion [to the state court] that all payments had been credited to the alleged debt, when in fact no payments had been credited" and that he "owed $3,028.05, despite the fact that he had already paid $1,470.77." *See* Complaint (Dkt. #1-3) ¶36(f), (g). Plaintiff, however, may not plead a cause of action under the FDCPA based on representations made to a state court judge. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943 (7th Cir. 2011) (communications to state court judges are not covered by the FDCPA). As recently explained by a court in the Eastern District of Washington: "The FDCPA focuses solely on a debt collector's communication to the consumer. Therefore, courts have found that the FDCPA does not apply where the alleged misleading or deceptive statement was made to the court, not the consumer." *Gray v. Suttell & Assocs.*, 2012 U.S. Dist. LEXIS 43885, at *9 (E.D. Wash. 2012) (internal citations omitted). Under *Gray*, Plaintiff simply cannot state a claim based on a statement made to a state court judge in a motion for default that he admits was never served on him.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

13

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

V.   **DEFENDANT IS ENTITLED TO THE BONA FIDE ERROR DEFENSE WITH RESPECT TO THE CLAIMS SURROUNDING THE MOTION FOR DEFAULT JUDGMENT.**

Although the FDCPA is a strict liability statute, it excepts from liability those debt collectors who satisfy the bona fide error defense. *See Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). Specifically, the bona fide error defense provides that: "A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). As explained in more detail below, MLG implemented procedures reasonable adapted to avoid the errors raised with respect to the default judgment and did not intentionally violate the FDCPA. Thus, it is entitled to the bona fide error defense.

  A.   MLG Satisfies the Bona Fide Error Exception with Respect to the Claimed Lack of Notice Pursuant to CR 55(f)(1).

When a proposed stipulation is not returned to MLG, the file is transmitted to an attorney for review to determine whether the lawsuit should be filed. *See* Ryan Vos Dep. Trans. (Dkt. #25-1 at Exhibit C) 74:14-75:24. It is the policy and customary practice of MLG attorneys, such as Ryan Vos, at that stage to review the date of service to comply with the one-year notice provision outlined in CR 55(f)(1). *See id.* at 77:6-10, 78:15-16, 108:2-109. Indeed, it is MLG's policy to provide consumers notice as required by CR 55. *See id.* at 106:8-20. That said notice was not provided in this instance was merely a mistake, notwithstanding Mr. Vos' review of the record prior to filing – which is exactly what the bona fide error is intended to cover. *See id.* at 109:1-19.

Plaintiff contends that Ryan Vos' refusal to admit during his deposition that any error occurred with respect to notice precludes reliance on the bona fide error defense. *See* Plaintiff's

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

14

**MESSER STRICKLER, LTD.**
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

Cross-Motion (Dkt. #25) p. 13-14.  MLG is not required, however, to admit that an FDCPA violation occurred in order to raise the defense.  As MLG's counsel tried to explain to Plaintiff's counsel during Mr. Vos' deposition: it is Plaintiff's burden to prove a violation of the FDCPA; if and when a violation is demonstrated, the burden then shifts to the defendant to prove bona fide error.  *See* Ryan Vos Dep. Trans. (DKT. #25-1 at Exhibit C) 105:6-24; *Reichert*, 531 F.3d at 1006 ("The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof.").  Plaintiff provides absolutely no support (nor is there any) for his contention that a defendant must admit to a violation, thereby relieving the plaintiff of his/her burden of proof, in order to properly claim bona fide error.  Here, as Mr. Vos specifically testified, to the extent "an error occurred, and if it was specific to notice being provided for purposes of default, then we have a policy that addresses that."  *See id.* at 104:9-23.  Consequently, MLG is entitled to the defense.

      B.    MLG Satisfies the Bona Fide Error Exception with Respect to the Claimed Improper Judgment Amount.

The failure to populate the credit field in the judgment summary that accompanied the motion for default judgment (*see* Dkt. #25-1 p. 6) was a clerical error.  *See* Ryan Vos Dep. Trans. (Dkt. #25-1 at Exhibit C) 94:17-99:7.  Specifically, the payments that had been made should have been populated automatically by the computer system that generated the document. *See id.*  It is not known why the computer system failed to properly populate the field in this instance.  *See id.*  A mistake was also committed when attorney Ryan Vos failed to catch the computer error when reviewing the document for accuracy.  *See id.*  Importantly, MLG has policies in place to populate the credit section on these types of forms.  *See id.*  Attorneys are required to review for the payments, and it was attorney Ryan Vos' practice to review for any

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

15

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

payments. *See id.* In this instance, however, he simply made a clerical mistake during his review. *See id.*

### VI. THERE IS AN ABSENCE OF EVIDENCE TO SUPPORT PLAINTIFF'S CLAIMS RELATED TO THE GARNISHMENT PROCEEDINGS.

While Plaintiff claims that MLG unilaterally ceased processing payments from Plaintiff so it could pursue garnishment instead, the record simply does not support that conclusion. Rather, the record shows that MLG only pursued garnishment after Plaintiff's payment source expired and Plaintiff failed to update same. There is also an absence of evidence in the record to support that MLG sought and obtained impermissible amounts as part of the garnishment proceedings. Plaintiff's contention that the amounts sought and obtained were disallowed under the law is seemingly premised on his belief that the judgment is void. *See* Complaint (Dkt. #1-3) ¶¶47(c), 51(d). Plaintiff, however, has never sought to vacate the judgment or judgment on the garnishment; consequently, those judgment amounts stand.

Moreover, Plaintiff was provided credits for all amounts paid on his debt prior to the initiation of any garnishment proceedings. Meaning, Plaintiff never paid any more than he actually owed on the debt. Beginning with the very first garnishment, Plaintiff was credited with the full amount paid by him ($1,957.42). *See* June 8, 2018 Affidavit of Ryan Vos (Dkt. # 27-2) ¶9. Thus, all interest assessed was only calculated on the unpaid balance remaining ($1,600.60), not on the original amount of the judgment ($3,558.05). *Id.* ¶6-13. Further, there is no evidence in this case of the assessment of attorneys' fees or costs that were not allowable under the law. Accordingly, any claim that MLG collected or sought to collect more than Plaintiff actually owed under the law is simply unsupported.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

16

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

## VII. PLAINTIFF HAS FAILED TO SATISFY ITS BURDEN OF PROVING A VIOLATION OF THE WCAA.

The WCAA does not provide for any civil remedy for a violation of § 19.16.250. *See generally* RCW 191.16 *et seq.*; *Paris v. Steinberg & Steingberg*, 828 F. Supp. 2d 1212, 1218 (W.D. Wash. 2011) (WCAA "does not provide a private right of action on its own"); *Gray*, 2012 U.S. Dist. Lexis 43885 at *11 (granting summary judgment on WCAA claim because no private cause of action exists under the WCAA). Rather, "[t]he remedy for a violation of the WCAA is through the [Wisconsin Consumer Protection Act]" ("WCPA"). *Id.* at 10; *see also* RCW 19.16.440 (violations of § 19.16.250 are unfair acts or practices in the conduct of trade or commerce under the WCPA). "To prevail on a WCPA claim, a plaintiff must show: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Gray*, 2012 U.S. Dist. Lexis 43885 at *12 (internal quotations omitted). The evidence in the record here, however, does not support the second, third, fourth or fifth elements. As such, judgment is warranted in Defendants' favor on all WCAA claims and the request for injunctive relief.

With respect to the second element specifically, despite the WCAA's provision that violations of § 19.16.250 are unfair acts or practices <u>in the conduct of trade or commerce</u> under the WCPA, courts have still held that a plaintiff must establish that the actions giving rise to the alleged liability actually occurred in trade or commerce. *See e.g.*, *Genschorck v. Suttell & Hammer, P.S.*, 2013 U.S. Dist. LEXIS 165826, *6-9 (E.D. Wash. Nov. 21, 2013). WCPA claims against attorneys, such as MLG, are limited to "certain entrepreneurial aspects of the practice of law," such as "how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients." *Short v. Demopolis*, 691 P.2d 163, 168 (Wash. 1984). Claims "directed to the competence of and strategy employed by [lawyers] amount to

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

17

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

allegations of negligence or malpractice and are exempt from the [W]CPA." *Id.*; *see also Linehan v. Allianceone Receivables Mgmt.*, 2016 U.S. Dist. LEXIS 142110, at *10-11 (W.D. Wash. Oct. 13, 2016). The claims at issue here are based solely upon MLG seeking, obtaining and collecting on a judgment on behalf of its client. These actions clearly constitute the core practice of law. *Genschorck*, 2013 U.S. Dist. LEXIS 165826 at *7-8 (activities that implicate the core practice of law, like the filing of pleadings, do not "concern any entrepreneurial aspect of the practice, and therefore do[] not impact trade and commerce as those concepts are used in the WCPA"). Accordingly, Plaintiff has not and cannot establish the second element.

Furthermore, with respect to the fourth requirement, the injury must be to the plaintiff's "business or property," "[p]ersonal injuries are not compensable damages under the [W]CPA." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn. 2d 299, 318 (1993). Specifically, pain and suffering and emotional distress damages are not compensable WCPA injuries. *See White River Estates v. Hiltbruner*, 134 Wn. 2d 761, 765 n.1 (1998). As explained in more detail below, Plaintiff has failed to establish any injury, personal or otherwise, as a result of the challenged conduct. Thus, his WCAA claims cannot survive summary judgment.

VIII.   PLAINTIFF HAS SUFFERED NO ACTUAL DAMAGES.

As explained *supra*, Plaintiff admits having suffered no actual damage as a result of MLG's actions and/or having no evidence to prove such damages. The closest Plaintiff comes to asserting damages comes in the form of his garden-variety claim of emotional distress. Yet to survive MLG's motion for summary judgment, "Plaintiff must come forward with evidence of [his] actual emotional distress . . . . [and] demonstrate more than transitory symptoms of emotional distress and unsupported self-serving testimony." *See Genschorck v. Suttell & Hammer, P.S.*, 2013 U.S. Dist. LEXIS 165826, *14-15 (E.D. Wash. Nov. 21, 2013) (internal

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

18

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

quotations omitted).  Here, however, Plaintiff admits he suffered no physical symptoms and he has failed to produce anything other than his self-serving testimony regarding distress.  *See e.g.*, *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1080 (E.D. Cal. 2007) (the types of evidence necessary to support a claim for emotional distress damages include "corroborating testimony or medical or psychological evidence").  Thus, his claim of emotional distress cannot survive summary judgment.  Moreover, as Plaintiff has not and cannot establish any actual damages caused by MLG, this Court should grant MLG's motion with respect to actual damages, regardless of how this Court rules as to liability.

## CONCLUSION

For the reasons stated *supra*, MLG respectfully requests that this Honorable Court grant summary judgment in its favor and for such other and further relief as this Court deems just.

Respectfully submitted this 6th day of September 2018.

> */s/ Nicole M. Strickler*
> Nicole M. Strickler (IL Bar #6298459)
> Messer Strickler, Ltd.
> 225 W. Washington St. Ste. 575
> Chicago, IL 60606
> (312) 334-3469
> Fax: (312) 334-3474
> nstrickler@messerstrickler.com
> *Pro Hac Vice Attorney for Defendant*
>
> */s/ Andrew D. Shafer*
> Andrew D. Shafer (State Bar No. 9405)
> Simburg Ketter Sheppard & Purdy, LLP
> 999 Third Ave., Ste. 2525
> Seattle, WA 98104
> (206) 330-2054 (direct)
> ashafer@sksp.com
> *Attorney for Defendant*

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

19

MESSER STRICKLER, LTD.
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

*/s/ Nicole M. Strickler*
Nicole M. Strickler (IL Bar #6298459)
Messer Strickler, Ltd.
225 W. Washington St. Ste. 575
Chicago, IL 60606
(312) 334-3469
Fax: (312) 334-3474
nstrickler@messerstrickler.com
*Pro Hac Vice Attorney for Defendant*

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
2-17-cv-01897-RSM

20

**MESSER STRICKLER, LTD.**
225 W. Washington St., Ste. 575
Chicago, IL 60606
Ph: 312-334-3469 Fx: 312-334-3473