UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS WEINSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>MANDARICH LAW GROUP, LLP,<br><br>Defendant. | Case No. C17-1897RSM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED |

This matter comes before the Court on Defendant Mandarich Law Group, LLP ("Mandarich")'s Motion to Deem Requests for Admission Admitted. Dkt. #26. Mandarich moves for an order deeming its requests for admission ("RFA") nos. 4, 5, 21, 22, and 24 admitted, and for an award of costs and attorneys' fees in pursuit of this Motion. *Id*. Plaintiff Thomas Weinstein opposes. Dkt. #28. As an initial matter, Mandarich's Reply brief indicates that disputes over RFAs 4 and 24 have been resolved. Dkt. #29.

In responding to requests for admission, if a matter is not admitted, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of the matter, the answer must specify the part admitted and qualify or deny the rest." *Id*. "The answering party

ORDER DENYING DEFENDANT'S MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED - 1

may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id*. A party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." *Id*. Failure to respond to requests for admission in good faith is a basis for deeming such requests admitted. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246-47 (9th Cir. 1981) (it is within trial court's discretion to deem requests for admission admitted for failure to respond in good faith).

The Court has reviewed Mr. Weinstein's responses to these requests for admission, and the record of communications between the parties, and agrees with Mr. Weinstein that Mandarich is essentially moving the Court to change Mr. Weinstein's responses from denials to admissions. The formalities of Rule 36 were followed by Mr. Weinstein, his answers were made in good faith, and his objections were justified. The fact that Mr. Weinstein amended a previously more detailed answer to "deny" could, with other evidence, show the denial was improper; such is properly addressed after trial and not with the current Motion. *See* Fed. R. Civ. P. 37(c)(2).

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Mandarich's Motion to Deem Requests for Admission Admitted, Dkt. #26, is DENIED.

DATED this 31 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED - 2