UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS WEINSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>MANDARICH LAW GROUP, LLP,<br><br>Defendant. | Case No. C17-1897RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the parties' Motions for Summary Judgment. Dkts. #25 and #31. For the reasons stated below, the Court GRANTS Plaintiff Thomas Weinstein's Motion for Partial Summary Judgment and DENIES Defendant Mandarich Law Group, LLP ("Mandarich")'s Motion.

### I. BACKGROUND

In September of 2014, Plaintiff Thomas Weinstein was served with a lawsuit from Mandarich Law Group to collect an unpaid debt of $3,028.05 owed to a debt-buyer named CACH LLC. Dkt. #25-2 (Declaration of Mr. Weinstein) ¶ 2–3; Dkt. #6 (Answer) at ¶ 5. Mr. Weinstein was unable to pay the amount he was being sued for, or pay for an attorney, so he decided to call Mandarich directly to see if he could settle the case with an agreement to make regular payments from his debit card. Dkt. #25-2 at ¶ 3–4.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

In this phone call they discussed settling the case, agreed to an amount, gave all of the necessary payment information over the phone including the expiration date for his debit card, and believed that the matter had been resolved. *Id*. at ¶ 5 and ¶ 9.

His belief was validated by an October 6, 2014, letter from Mandarich. *Id*. at Ex. A. This letter says "this is an attempt to collect a debt" and "[t]hank you for setting up an automated payment plan on the above referenced account." *Id*. The letter lists an upfront payment of $302.81 and 28 monthly payments of $97.33. *Id*. Mr. Weinstein then received a second letter from Mandarich, dated October 8, 2014. *Id*. at Ex. B. This letter mentions a "pending lawsuit" and states "[w]e have proposed the following settlement terms as set forth in the enclosed Stipulation for Judgement or Dismissal. To Accept these terms, you must provide our office with the following two items: 1. The signed Stipulation for Judgement or Dismissal on or before 10/18/2014; and 2. Your payments as agreed upon and set forth in the Stipulation." *Id*. For added clarity, the letter goes on in bold and all-caps: "PLEASE BE ADVISED THAT YOUR SUBMISSION OF PAYMENT WITHOUT RETURNING THE SIGNED STIPULATION DOES NOT RESULT IN AN AGREEMENT BETWEEN YOU AND CACH, LLC. FURTHER, CACH, LLC WILL DEPOSIT SAID PAYMENT, AND APPLY FUNDS TOWARDS THE OUTSTANDING BALANCE OWED ON THE ABOVE-REFERENCED ACCOUNT. SUBMISSION OF BOTH THE SIGNED STIPULATION AND PAYMENT PER THE TERMS IS REQUIRED TO CONSTITUTE AN AGREEMENT BETWEEN YOURSELF AND CACH, LLC." *Id*. (emphasis in original). The letter ends by stating "[i]f we do not receive both items within the timeframe stated above, we will proceed with the litigation against you." *Id*. Attached to this letter was a Stipulation for Judgement or Dismissal that listed the total debt of $3,028.05 and payments of $97.33 consistent with the prior letter. *Id*.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

Mr. Weinstein was apparently confused by this letter. He believed that it was sent in error, given his prior phone conversation and the fact that Mandarich had been charging his debit card. *Id*. at ¶ 11. He apparently did not sign the Stipulation for Judgement or Dismissal or otherwise respond to the letter.

Mandarich sent regular letters acknowledging the $97.33 charges to the debit card. *Id*. at Ex. C. Mandarich did not otherwise communicate with Mr. Weinstein.

On October 5, 2015, Mandarich actually filed the Complaint previously served to Mr. Weinstein a year earlier. Dkt. #27-1 at 4. The Complaint had previously been served in September of 2014, and no new service was provided to Mr. Weinstein indicating that the Complaint had actually been filed.

Mandarich moved for a Default Judgment against Mr. Weinstein in the underlying lawsuit, and an Order was granted on October 13, 2015. Dkt. #25-1 at 7. This judgment totaled $3,558.05 with post-judgment interest at 12% per annum. *Id*. Mandarich moved for the full amount originally owed, plus fees, ignoring the fact that Mr. Weinstein had made regular payments for over a year. Mandarich admits that it failed to credit Mr. Weinstein for the amounts paid. Dkt. #27-1 at 3. Mandarich also admits that it failed to provide Mr. Weinstein with a copy of the motion for default judgment as required by court rules. *Id*.

Mandarich's ability to process the $97.33 payments suddenly ended in March of 2016 when the debit card expired. Dkt. #27-1 at 4.

Mr. Weinstein's attorney sent Mandarich's counsel an email on March 10, 2016, requesting they "send any stipulation you would like my client to sign to my office so that the lawsuit does not proceed and payments continue until paid in full." Dkt. #27-1 at 16. This

email attached a Civil Case Schedule in the underlying case, indicating that Mr. Weinstein knew that a lawsuit had been filed against him, but no mention is made of the Default Judgment.

Mandarich garnished Mr. Weinstein's wages in April 2017. This was the first notice Mr. Weinstein received that a default judgment had been entered against him.

This lawsuit was filed in King County Superior Court on November 21, 2017, and later removed to this Court. Dkt. #1-3. Mr. Weinstein brings claims against Mandarich under the Fair Debt Collection Practices Act ("FDCPA") and the Washington Collection Agency Act ("WCAA").

At issue in Mr. Weinstein's Partial Motion for Summary Judgment are (1) Mandarich's failure to provide notice to Mr. Weinstein of the (improper) motion for default judgment, and (2) Mandarich's acquisition of a default judgment for the full amount of the complaint, plus additional fees, with no credits for Mr. Weinstein's numerous payments. Dkt. #25 at 5. Mr. Weinstein does not move for the Court to determine damages at this time.

## II. DISCUSSION

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Analysis**

The Fair Debt Collection Practices Act was enacted to protect consumers from improper or abusive debt collection efforts. 15 U.S.C. § 1692. The FDCPA is a strict-liability statute which "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *see also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). The FDCPA is a remedial statute construed liberally in favor of the consumer. *Tourgeman v. Collins Fin. Servs, Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("we wish to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors."). Section 1692e of the FDCPA prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).

Section 1692e(2) prohibits "[t]he false representation of ... the character, amount, or legal status of any debt." *Id*.

Mandarich admits that it is a "debt collector" under 15 U.S.C. §1692a(6) and a "collection agency" under RCW 19.16.100(4), and that Mr. Weinstein is a debtor as defined by RCW 19.16.100(7). There is no meaningful dispute that Mr. Weinstein was pursued on a debt as defined in the FDCPA.

Defendant Mandarich admits that it failed to credit Mr. Weinstein for the amounts paid toward his debt. Dkt. #27-1 at 3. Mandarich also admits that it failed to provide Mr. Weinstein with a copy of the motion for default judgment as required by court rules. *Id*. The natural consequence of these failures was that Mandarich used false, deceptive or misleading representations to a court in connection with the collection of and characterization of the amount of this debt. This alone establishes liability under § 1692e of the FDCPA. Mr. Weinstein has identified several other portions of the statute that are violated by these actions. *See* Dkt. #25 at 11–12. Mandarich's efforts to provide notice to Mr. Weinstein that he needed to sign and return a stipulation, and its repeated phone calls to his counsel, do not change the fact that these violations happened, and that they were significant.

The one-year statute of limitations does not prohibit Mr. Weinstein's FDCPA claim, because he filed this action within one year of his wages being garnished, and because this action was the first time that Mr. Weinstein knew or had reason to know of the violations at issue here. *See Mangum v. Action Collection Servs., Inc.*, 575 F.3d 935, 939-41 (9th Cir. 2009) (discussing discovery rule and equitable tolling). From the record, Mr. Weinstein had no way of knowing that Mandarich had sought a default judgment against him for the incorrect amount until his wages were garnished and the hidden actions became revealed. The March 2016 email

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

from Mr. Weinstein's attorney does not mention the default judgment. Res judicata does not apply either, because the claims here are different than the claims that could have been brought in the prior state court action. In any event, the res judicata affirmative defense was not raised in Mandarich's Answer and cannot be raised for the first time in a response brief. *See* Fed. R. Civ. P. 12; Dkt. #6; Dkt. #10.

The bona fide error defense is unavailable to Mandarich. Under 15 U.S.C. § 1692k(c), a defendant asserting "bona fide error" bears the burden of establishing that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. *McCollough*, 637 F.3d at 948 (citation omitted). As to the third element: "If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error." *Reichert*, 531 F.3d at 1007 (citation omitted). The Court has reviewed the briefing of the parties and the declaration of Mr. Vos and concludes that there is no evidence for a reasonable juror to conclude that Mandarich maintained any kind of procedure adapted to avoid the violations in question, other than its stated intention not to violate laws and court rules.

Mandarich's actions also violate the WCAA. RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts not authorized by law. As Mr. Weinstein did not owe $3,558.05 at the time of the motion for default judgment, all actions taken in furtherance of the improper Default Judgment are violations of RCW 19.16.250(21). Mandarich was not exempt from the WCAA as it was acting as a debt collector for its client's debts.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

Mandarich also moves for summary judgment dismissal of Mr. Weinstein's claims. Dkt. #31. Mandarich again argues that the FDCPA claims are barred by the statute of limitations and res judicata, that Mr. Weinstein had notice of the lawsuit, that the error in calculating the amount owed was not a violation of the FDCPA, and that the bona fide error defense applies. *Id*. The Court has already addressed these issues above. Mandarich argues that Mr. Weinstein cannot establish damages, other than emotional distress. However, emotional distress damages are available in this case. The Court finds that, considering the facts in the light most favorable to the nonmoving party, there is a genuine issue of material fact as to Mr. Weinstein's damages. This Motion is properly denied.

### III. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff Weinstein's Motion for Partial Summary Judgment, Dkt. #25, is GRANTED. Defendant is liable under the FDCPA and WPAA as stated above. The amount of damages remains an issue for trial.

2) Defendant Mandarich's Motion for Summary Judgment, Dkt. #31, is DENIED.

DATED this 28 day of November, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE