Hon. Ricardo S. Martinez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# (SEATTLE)

| THOMAS WEINSTEIN, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | 2:17-cv-01897-RSM |
| | ) | |
| v. | ) | |
| | ) | PRETRIAL ORDER |
| MANDARICH LAW GROUP, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JURISDICTION

Jurisdiction is vested in this court by virtue of Title 28, Section 1331 of the United States Code which convers jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States as to Plaintiff's claims under 15 U.S.C. §1692 *et seq*. Supplemental jurisdiction over Plaintiff's claims under the Washington Consumer Protection Act (Title 19.86 RCW) is vested in this court by Title 28, Section 1367 of the United States Code.

## CLAIMS AND DEFENSES

Plaintiff interprets the Court's Order on Summary Judgment as finding that Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), e(10), 15 U.S.C. § 1692f and (f)1. Dkt. #35. Specifically, this Court stated: "Weinstein has identified several other portions of the statute that are violated by these actions. *See* Dkt. #25 at 11–12. Mandarich's efforts to provide notice to Mr. Weinstein that he needed to sign and return a stipulation,

and its repeated phone calls to his counsel, do not change the fact that these violations happened, and that they were significant." *Id.* Plaintiff interprets this statement in the Court's order as a ruling that all the portions of the FDCPA addressed in Plaintiff's motion for summary judgment were violated by Defendant.

Defendant interprets the Court's Order on Summary Judgment as a finding that Defendant only violated 15 U.S.C. § 1692e. Dkt. #35. The parties agree that the court also determined that the Defendant violated RCW 19.16.250(21). *Id.* The parties request clarification as to the Court's Summary Judgment Order. Depending on the Court's ruling, Plaintiff will pursue at trial the following claims:

1) Violations of 15 U.S.C. §§ e(2), e(5), e(10), 15 U.S.C. § 1692f and (f)1 (these violations will not need to be pursued at trial if Plaintiff's interpretation of the Court's order is correct).

2) Damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692; and

3) Damages under the Washington Consumer Protection Act (Title 19.86 RCW).

4) Attorney fees and costs pursuant to 15 U.S.C. § 1692k and RCW 19.86.090 (Plaintiff will submit a petition for fees and costs after completion of trial).

## **ADMITTED FACTS**

The following facts are admitted by the parties:

1. Plaintiff, Thomas Weinstein, is a natural person residing in the state of Washington.

2. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and a debtor as defined by RCW 19.16.100(7).

3. In September of 2014, CACH, LLC, through its counsel of record, Mandarich Law Group, LLP, asserted in King County Superior Court case no. 15-2-24463-9 KNT that Plaintiff owed a consumer debt in the amount of $3,028.05 to CACH, LLC.

4. Defendant is a debt collector as defined by 15 U.S.C. §1692a(6) and collection agency as defined by RCW 19.16.100(4).

5. Plaintiff made monthly payments, from October 2015 through March 2016, to Mandarich which totaled $1,957.42.

6. Defendant later caused Plaintiff's wages to be garnished in the amount of $1,468.94 in April 2017.

7. Defendant again applied to the Court for an order directing garnishment in October of 2017.

## ISSUES OF LAW

The following issues of law are to be determined by the Court.

1. Whether the Defendant violated 15 U.S.C. §§ e(2), e(5), e(10), 15 U.S.C. § 1692f and (f)1 (this is not an issue at trial if Plaintiff's interpretation of the Court's order (Dkt. #35) is correct).

2. The amount, if any, of actual damages suffered by Plaintiff as a result of this Court's ruling that Defendant violations of the Fair Debt Collection Practices Act.

3. The amount, if any, of statutory damages the court may allow, but not exceeding $1,000, to Plaintiff.

4. In considering the above (1) and (2), the court shall consider the (a) frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

5. The amount, if any, of damages suffered by Plaintiff in regards to the Washington Consumer Protection Act as a result of Defendant's violation of the Washington Collection Agency Act.

6. Whether Plaintiff is entitled to treble damages pursuant to RCW 19.86.090.

7. The amount of attorney's fees and costs to be awarded pursuant to 15 U.S.C. § 1692k and RCW 19.86.090 (Plaintiff will submit a petition for fees and costs upon completion of trial).

## EXPERT WITNESSES

Neither Party shall offer expert witnesses.

## OTHER WITNESSES

1. Thomas Weinstein - 8700 NE Bothell Way #C108, Bothell, WA 98011– Plaintiff will testify concerning his experiences with Defendant, including the debt collection attempts, the settlement agreement, the wage garnishment, and the effects of the debt collection efforts on him and his family.

2. Allison Weinstein – 8700 NE Bothell Way #C108, Bothell, WA 98011 - Plaintiff's wife, who will testify concerning the effects of Defendant's actions on her husband, Thomas Weinstein.

3. Ryan Vos – 9200 Oakdale Ave., Suite 601 Chatsworth, CA 91311. Mr. Vos, corporate representative of Defendant, will testify as to facts relevant to damages; including but not limited to the (a) frequency and persistence of

noncompliance by the debt collector, (b) the nature of such noncompliance, and (c) the extent to which such noncompliance was intentional.

## **EXHIBITS**

Identify each exhibit with a number, which becomes the number for the exhibit at the trial and appears on the exhibit tag.

(a) Admissibility stipulated:

Plaintiff's Exhibits

#1    Summons and Complaint in underlying collection lawsuit

#2    Audio recording of call between Plaintiff and Defendant

#4    October 6, 2014 Letter from Defendant to Plaintiff re: payment schedule

#5    2015-2017 Letters from Defendant to Plaintiff re: monthly payment remission

#6    Motion for Default Judgment and Default Judgment in underlying collection lawsuit

#8    Civil case schedule in collection lawsuit

#9    June 30, 2017 Answer to Writ of Garnishment

#10    July 21, 2017 Judgment on Answer and Order to Pay

#11    Defendant's responses to requests for admission and interrogatories

(b) Authenticity stipulated, admissibility disputed:

Plaintiff's Exhibits

#3    Transcript of Plaintiff's Exhibit #2

#7    Declaration of Ryan Vos re: Plaintiff's motion for summary judgment

#11    Defendant's responses to requests for admission and interrogatories

#12   April 30, 2018 Administrative Office of the Courts report

#13   Various sanctions orders against Defendant

#14   Transcript of Deposition of Ryan Vos

Defendant's Exhibits

#A-1   Email from Weinstein's Counsel to Ryan Vos Dated March 10, 2016

#A-2   Offer of Judgment

#A-3   Settlement Correspondence

#A-4   Plaintiff's Responses to Discovery Requests

#A-5   Plaintiff's Employment File

#A-6   Letter with Stipulation

(c) Authenticity and admissibility disputed:

Plaintiff's Exhibits

#3  Transcript of Plaintiff's Exhibit #2

(No party is required to list any exhibit which is listed by another party, or any exhibit to be used for impeachment only. See LCR 16 for further explanation of numbering of exhibits).

## ACTION BY THE COURT

(a) This case is scheduled for trial without a jury on January 14, 2019, at 9:00 a.m.

(b) Trial briefs shall be submitted to the court on or before January 9, 2019.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

(c) Plaintiff interprets this Court's order (Dkt.#35) as a ruling that the Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), e(10), 15 U.S.C. § 1692f and (f)1. Dkt. #35. Defendant interprets the order as a ruling that the Defendant violated only 15 U.S.C. § 1692e. The court also determined that the Defendant violated RCW 19.16.250(21). *Id.* Additionally, this Court ruled that the affirmative defenses of statute of limitations, res judicata, and bona fide error (15 U.S.C. § 1692k) are inapplicable to Plaintiff's claims. *Id.*

DATED this 2nd day of January, 2019

_____

United States District Judge

FORM APPROVED

/s/ T. Tyler Santiago, Attorney for Plaintiff

/s/ Nicole M. Strickler Attorney for Defendant.