The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| THOMAS WEINSTEIN, | NO. 2:17-cv-01897-RSM |
|---|---|
| Plaintiffs, | **PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| vs. | |
| MANDARICH LAW GROUP, LLP. | |
| Defendant. | |

## I.  PROPOSED FINDINGS OF FACT

1. The Court adopts the facts as detailed in its Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's Motion for Summary Judgment as findings of fact. Dkt. #35.

2. Plaintiff, Thomas Weinstein is a natural person residing in the state of Washington. Dkt. #36 at p. 2.

3. Plaintiff is a consumer defined by by 15 U.S.C. § 1692a(3) and a debtor as defined by RCW 16.16.100(7). Dkt. #36 at p. 2.

4. Defendant is a debt collector as defined by 15 U.S.C. §1692a(6) and collection agency as defined by RCW 19.16.100(4). Dkt. #36 at p. 3.

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 1
2:17-CV-01897-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

5. In September of 2014, CACH, LLC, through its counsel of record, Mandarich Law Group, LLP, asserted in King County Superior Court case no. 15-2-24463-9 KNT that Plaintiff owed a consumer debt in the amount of $3,028.05 to CACH, LLC. Dkt. #36 at p. 3.

6. When he was served, Plaintiff immediately placed a phone call to Defendant to "make this right." Dkt. # 31-1, Ex. A at p. 5.

7. As a result of Plaintiff's efforts, the parties quickly settled the case in October 2014, and the agreement was further confirmed by a letter from Defendant. Dkt. #35. at p. 2.

8. Pursuant to the agreement, Plaintiff would make an up-front payment of $302.81, and monthly payments of $97.33 until the alleged debt was paid on February 27, 2017. Dkt. #25-2, Ex. A at p. 1.

9. Plaintiff made monthly payments of $97.33 to Defendant pursuant to a settlement agreement from October 2014 through March 2016. The payments made by Plaintiff totaled $1,957.42. Dkt. #36 at p. 3.

10. In October 2015, without informing Plaintiff, Defendant obtained a default judgment in King County Superior Court in the amount of $3,558.05 (now inflated due to attorney's fees and costs) with post-judgment interest at 12% per annum, and which also conveniently failed to credit Plaintiff for any of the payments that he made for over one year. Dkt. #35 at p. 3.

11. Meanwhile, Defendant continued to process payments and send Plaintiff letters acknowledging the agreement that had been made and that Plaintiff was complying with the agreement. *Id.*

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

12. In April 2017, Defendant started garnishing Mr. Weinstein's wages, which was the first notice Plaintiff received that a default judgment had been entered against him. Dkt. #35 at p. 4; Dkt. #36 at p. 3.

13. As an individual without legal training, Plaintiff believed that after the April garnishment finished that he would be done with Defendant once and for all. Dkt. #25-2 at ¶ 15.

14. He was wrong, as Defendant again tried to garnish his wages in October 2017. *Id.* at ¶ 16; Dkt. # 36 at p. 3.

15. The default judgment obtained by Defendant in King County Superior Court case no. 15-2-24463-9 KNT is still in effect.

16. Defendant has taken no action to vacate or modify the default judgment.

17. Defendant has been warned and admonished multiple times, by the King County Superior Court about its improper default tactics. Such warnings came during the same period of time as the events of this case. Dkt. #30 at. p. 9, n.7 (citing Dkt. #17-1 at ¶¶ 12-13, Ex. D and E).

18. Plaintiff has suffered actual damages in the amount of $1,957.42 due to Defendant failing to honor the settlement agreement.

19. Plaintiff has suffered actual damages in the amount of $1,468.94 for the amounts garnished via Defendant's ill-gotten default judgment.

20. Plaintiff has suffered actual damages for the amounts that he must pay an attorney to vacate the default judgment that Defendant has failed to vacate or modify. Such actual damages are in the amount of $_____.

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 3
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

21. Plaintiff has suffered actual damages in the form of emotional distress for Defendant's first and second garnishment attempts. Such emotional distress damages are in the amount of $_____.

22. Plaintiff has suffered actual damages in the form of emotional distress for Defendant's failure to vacate the ill-gotten default judgment. Such emotional distress damages are in the amount of $_____.

## II. PROPOSED CONCLUSIONS OF LAW

1. The Court adopts its previous legal rulings as detailed in its Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's Motion for Summary Judgment as conclusions of law. Dkt. #35.

2. In November 2018, this Court ruled that the Defendant's conduct as detailed above violated multiple sections of the FDCPA, including 15 U.S.C. 1692 §§ 1692e, e(2), e(5), e(10), 15 U.S.C. § 1692f and (f)1. Dkt. #35.

3. Additionally, this Court ruled that Defendant violated RCW 19.16.250(21) by obtaining the judgment and taking actions to enforce it. *Id.*

4. Plaintiff is entitled to actual damages in this case under the Fair Debt Collection Practices Act ("FDCPA"), including emotional distress. 15 U.S.C. § 1692k; *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011).

5. Emotional distress is established though Plaintiff's testimony, and the testimony of Plaintiff's wife. *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003).

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 4
2:17-CV-01897-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

6. Plaintiff's actual damages under the FDCPA include the payments made by Plaintiff to Defendant on an agreement that Defendant breached, which totals $1,957.42.

7. Pre-judgment interest at 12% is properly assessed to the amount of $1,957.42 from the date of last payment (March 2016) to the date of trial. RCW 4.56 et seq.

8. Based on the facts and circumstances in this case, such as the high number of violations and the fact that Defendant is perpetually violating the law by maintaining its judgment, Plaintiff is entitled to the maximum statutory damages under the FDCPA in the amount of $1,000.00. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006)

9. Plaintiff is entitled to actual damages under the Washington Collection Agency Act ("WCAA") and Consumer Protection Act ("CPA"). RCW 19.16.440 and RCW 19.86 et seq.

10. Such actual damages include the wages that Defendant garnished using its improper default judgment as a basis, which totals $1,468.94. Dkt. #36

11. Pre-judgment interest at 12% is properly assessed to the amount of $1,468.94 from the date the garnishment (July 2017) to the date of trial. RCW 4.56 et seq.

12. Based on the facts and circumstances in this case, treble damages are appropriate in pursuant to RCW 19.86.090 to deter and punish defendant from further violations. *Mason v. Mortg. Am., Inc.*, 114 Wn. 2d 842, 855 (1990). This is especially so given the fact that Defendant still maintains its improper judgment, and has been warned numerous times about its default practices. Dkt. #30 at. p. 9, n.7 (citing Dkt. #17-1 at ¶¶ 12-13, Ex. D and E)

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 5
2:17-CV-01897-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

13. Trebling applies to the amounts taken from Plaintiff in an improper garnishment, as well as the amounts necessary for Plaintiff to hire counsel to vacate the improper default. RCW 4.86.090. Dkt. #35 at p.

14. Plaintiff is entitled to costs of suit together with reasonable attorney's fees under the FDCPA. 15 U.S.C. § 1692k. Plaintiff shall file a petition for fees and costs after the conclusion of trial.

15. Plaintiff is entitled to costs of suit, including a reasonable attorney's fee under the WCAA/CPA. RCW 19.16.440; RCW 19.86.090. Plaintiff shall file a petition for fees and costs after the conclusion of trial.

Dated this 9th day of January, 2019.

                              **ANDERSON SANTIAGO, PLLC**

                              By: /s/ T. Tyler Santiago
                              Jason D. Anderson, WSBA No. 38014
                              T. Tyler Santiago, WSBA No. 46004
                              Attorney for Plaintiff
                              787 Maynard Ave. S.
                              Seattle, WA 98104
                              (206) 395-2665
                              (206) 395-2719 (fax)

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 6
2:17-CV-01897-RSM

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

**Certificate of Service**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nicole M. Strickler
Messer Strickler, LTD
225 West Washington, Suite 575
Chicago, IL 60602

    /s/ T. Tyler Santiago
T. Tyler Santiago

CERTIFICATE OF SERVICE - 1
2:17-CV-01897-RSM

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719