IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
(SEATTLE)

| | | |
|---|---|---|
| THOMAS WEINSTEIN, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:17-cv-01897-RSM |
| | ) | Judge Martinez |
| v. | ) | |
| | ) | **Defendant's Trial Brief** |
| MANDARICH LAW | ) | |
| GROUP, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to this Court's February 2, 2018 order, Defendant, Mandarich Law Group, LLP ("MLG"), by and through its undersigned counsel, hereby submits its Trial Brief:

## INTRODUCTION

On November 28, 2018, this Court granted partial summary judgment to Plaintiff, Thomas Weinstein, and against Defendant, Mandarich Law Group, LLP, finding a violation of §1692e of 15 U.S.C. §1692 et seq. and RCW 19.16.250 (21). On January 14, 2019, the matter will proceed to a bench trial on damages.

## ARGUMENT AND AUTHORITY

### I.   15 U.S.C. 1692e

The Court found that Defendant failed to credit Plaintiff for amounts paid towards his debt and failed to provide him with a copy of the motion for default

judgment required by court rules. *See*, D.E. 35, P. 6. The Court further found that the natural consequence of these failures was that Defendant used "false, deceptive or misleading representations to a court in connection with the collection of and characterization of the amount of this debt" in violation of §1692e.

Upon finding a violation of the FDCPA, the finder of fact then determines whether damages are appropriate. There are two types of damages available under the Act; (1) statutory, and (2) actual damages. In setting the amount of either damages, the Court considers the "frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. §1692k(b).

As to the first factor, frequency and persistence of noncompliance by the debt collector, the Court must note that the violation found was not frequent or persistent. While a clerical error was certainly made relative to the amount of the initial judgment, credit was always given to Plaintiff for the payments he made in the two post judgment garnishment proceedings. Defendant never asked the state court to turn over any more than Plaintiff actually owed on the debt. Moreover, appropriate notice was always provided of these subsequent proceedings. Second, as to the nature of noncompliance, the evidence will show that the violations were clerical errors in nature. This is not a circumstance where a consumer was physically threatened, stolen from, or harassed. Further, the evidence will show at trial that Defendant never intentionally

violated the Act. In fact, Defendant maintains many policies and procedures to ensure compliance with the Act. In addition, it maintains checks and balances to ensure that credits and notice are given in the event of default judgments. As soon as Defendant was put on notice of Plaintiff's issues (which was only done via this federal suit) with the garnishment, it chose to discontinue it[1].

Again, Defendant was only made aware of the issue with the initial judgment as a result of the instant suit. Plaintiff refused to communicate with Defendant after the initial telephone call. In contrast, Defendant attempted to communicate many times with both Plaintiff and his attorney concerning the state court case in good faith. The evidence will further show that had Defendant been put on notice of Plaintiff's issues with the garnishment sooner, Defendant would have been happy to work with Plaintiff to resolve any issues.

In short, this is not a case where a debt collector committed abhorrent acts against a consumer; such a threatening a consumer with jail or physical violence. While certainly clerical errors were made by Defendant, a full award of statutory damages is not justified.

Relative to actual damages, Plaintiff has been unable throughout this litigation to point to any out of pocket costs. He never paid any money to his attorneys and refuses to disclose where he is obligated to do so. P. 72-73.

---

[1] Notably, Defendant continues to represent its client creditor, CACH, LLC, in the underlying proceeding against Plaintiff. However, Defendant has taken no further action and could only do so at the direction and with the consent of CACH, LLC.

Plaintiff will testify that he suffered no physical symptoms of any emotional distress. See, P. 82, L. 23-24. He never saw a doctor. See, P. 82, L. 25 to P. 83, L. 1. No one in his life has seen symptoms of his anxiety or physical emotional distress. *Id.* at L. 7-10. All he can recall is stating to his wife that "this is stressful." *Id.* at L. 19-20. In fact, in his deposition, Plaintiff explained that he was only seeking payment transportation costs, which he later admitted he did not incur. P. 65, L. 3-6.

## II. RCW 19.16.250 (21)

This Court has also found a violation of RCW 19.16.250(21) (the "WCAA"). This section prohibits a collector from attempting to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs.

The WCAA does not provide a debtor with a cause of action. *Genschorck v. Suttell & Hammer, P.S.*, Case No. C12-0615-TOR, 2013 U.S. Dist. LEXIS 165826, *8 (E.D. Wash. Nov. 21, 2013) (citing *Connelly v. Puget Sound Collections, Inc.*, 16 Wn. App. 62, 553 P.2d 1354 (Wash. 1976)). Instead, a violation of the WCAA is enforced through Section 19.16.440 of the WCPA. *Evergreen Collectors v. Holt*, 60 Wn. App. 151, 803 P.2d 10, 12 (Wash. Ct. App. 1991).

RCW 19.16.440 dictates that violations of 19.15.250 constitute "unfair acts or practices or unfair methods of competition in the conduct of trade or

commerce for the purposes of the application of the Consumer Protection Act found in chapter 19.86 RCW". However, the analysis does not end there as that only satisfies two elements of the CPA.

To prevail on a CPA claim, a plaintiff must establish five distinct elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 P.2d 531, 533 (1986).

Here, while this Court has found a violation of the WCAA, the Court made no finding as to injury or causation[2]. *Schore v. Renton Collections, Inc.* 2018 U.S. Dist. LEXIS 73359, at *13 (W.D. Wash. May 1, 2018) (discussing the two final CPA elements in the context of a WCAA claim). An injury occurs when "the plaintiff was wrongfully induced to. . . incur expenses that would not otherwise have been incurred." *Id.* (internal citations omitted). For example, courts have found injury to be stablished where a consumer incurs a cost of hiring an attorney to determine his or her rights and responsibilities. *Id.* at *13-14.

If those elements are established, the CPA allows a person harmed under the statute "to recover the actual damages sustained by him or her. . .

---

[2] The Court's order was silent on whether it found the remaining two elements established but found Defendant liable under the "WPAA as stated above." *See*, D.E. 35, P7-8.

together with the costs of the suit, including a reasonably attorney's fee."[3] RCW 19.86.090. "Personal injuries", including emotional distress, are not compensable damages under the CPA. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash. 2d 299, 318, 858 P.2d 1054, 1064 (1993). See also, *Moritz v. Daniel N. Gordon, P.C.,* 895 F. Supp. 2d 1097 (2012) [WCAA plaintiff cannot recover damages for emotional distress under the Consumer Protection Act].

Plaintiff has never been able to identify any actual damages sustained by him as a result of any violation of the CPA, including RCW 19.16.250(21). When questioned in written discovery and via deposition, Plaintiff has never provided any explanation or proof that he suffered any out of pocket expenses or other CPA compensable damages. (Weinstein Deposition P. 76-85). Plaintiff has no proof of receipts for purchases, proof his reputation suffered at work, proof his credit suffered damage, or any other compensable injury.

Importantly, while this Court found that $3,558.05 was not owed by Plaintiff at the time of the default judgment due to his payments, all payments made on the judgment were properly credited to Plaintiff when post-judgment actions were taken to collect that judgment.

---

[3] Importantly, RCW 19.86.140, which provides that violations of RCW 19.86.020 are subject to a civil penalty of not more than two thousand dollars for each violation is inapplicable to the instant matter as it is limited to actions brought by the state, and not a private plaintiff. *See, Dawson v. Genesis Credit Mgmt.*, LLC, 2017 Wl 5668073, at *5 (W.D. Wash. Nov. 27, 2017).

Specifically, the evidence will show that the post judgment interest rate applied to the debt at issue in the case was 12% per annum in accordance with the state court's October 13th, 2015 order. In the April 2017 writ, the daily interest rate charged is listed as $.53 cents. That daily rate was calculated after giving Plaintiff credit for payments in the amount of $1,957.42 (.e.g, $1,600.60*.12=Yearly Interest of $192.072. $192.07 divided by 365 days in a year gives daily interest of $.053.) Thus, the interest accrued from 10/13/2015-3/26/2016 in the amount of $296.61 was proper. Further, all the evidence at trial will indicate that the fees charged for postage, court costs and attorneys' fees were taxable court costs (See, April 17, 2017 Garnishment).

Likewise, the October 2017 garnishment also provided credit to Plaintiff for all payments made and calculated the correct amount of interest and fees. That amount was calculated as follows: $3,558.05 minus payments made of $3,319.69= $238.30 plus $300 attorneys' fees awarded * .12= $64.50. $64.50 divded by 265 days in a year gives a daily interest rate of $.1769 per day. As with the April garnishment, all evidence at trial will indicate that the fees charged for postage, court costs and attorney's fees were taxable court costs (See October 20, 2017 Garnishment).

In short, credit was always given for the payments made by Plaintiff in the post judgment actions and no more than Plaintiff owed was ever garnished. Plaintiff is not injured in the amount collected when the plaintiff owed the debt even where the debt collector violated state law in doing so. *Moritz v. Daniel*

*N. Gordon, P.C.*, 895 F.Supp.2d 1097, 1117 (W.D. Wa. 2012); *Rosenberg v. CCS Commer., LLC*, 2018 U.S. Dist. LEXIS 105785, at *23 (W.D. Wash. June 25, 2018) (collecting cases).

As noted prior, the evidence will also show that the October 20, 2017 garnishment was terminated voluntarily by Defendant after service of this lawsuit. This is the first time that Defendant was ever put on notice, either formally or informally, by Plaintiff of its error relative to the original amount of the judgment or Plaintiff's position relative to the purported agreement reached. Plaintiff, during the court of the state court litigation, never responded to any of Defendant's calls nor did his prior counsel.

Accordingly, Defendant submits there is not a sufficient basis for this Court to award any damages under the CPA.

*/s/ Nicole M. Strickler*
Nicole M. Strickler (IL Bar #6298459)
Messer Strickler, Ltd.
225 W. Washington St. Ste. 575
Chicago, IL 60606
(312) 334-3469
Fax: (312) 334-3474
nstrickler@messerstrickler.com
*Pro Hac Vice Attorney for Defendant*

*/s/ Andrew D. Shafer*
Andrew D. Shafer (State Bar No. 9405)
Simburg Ketter Sheppard & Purdy, LLP
999 Third Ave., Ste. 2525
Seattle, WA 98104
(206) 330-2054 (direct)
ashafer@sksp.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 9th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

            */s/ Nicole M. Strickler*
            Nicole M. Strickler (IL Bar #6298459)
            Messer Strickler, Ltd.
            225 W. Washington St. Ste. 575
            Chicago, IL 60606
            (312) 334-3469
            Fax: (312) 334-3474
            nstrickler@messerstrickler.com
            *Pro Hac Vice Attorney for Defendant*