UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS WEINSTEIN, <br><br> Plaintiff, <br><br> v. <br><br> MANDARICH LAW GROUP, LLP, <br><br> Defendant. | Case No. C17-1897RSM <br><br> FINDINGS OF FACT AND CONCLUSIONS OF LAW |

## I. INTRODUCTION

A bench trial was held in this matter on January 14, 2019, with live testimony and exhibits submitted by both parties. The Court had previously found Defendant Mandarich Law Group, LLC, liable for multiple violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692e and 1692f and the Washington Collection Agency Act ("WCAA"). Dkt. #35.

The key issues of law at trial were: 1) what damages are available to Plaintiff Thomas Weinstein under the FDCPA and 2) what damages are available under the Washington Consumer Protection Act (Title 19.86 RCW) for violation of the WCAA.

//

//

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

## II. CREDIBILITY OF THE WITNESSES

"In an action tried on the facts without a jury... the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a). The trial court is empowered to judge the credibility of the witnesses. *See Spokane Arcade, Inc. v. City of Spokane*, 75 F.3d 663, 665 (9th Cir. 1996); *Zivkovic v. S. Cal. Edison Co.*, 105 Fed. Appx. 892, 893 at n.1 (9th Cir. 2004) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985)).

The Court specifically finds that the witnesses Thomas and Allison Weinstein were credible. Their answers during testimony were complete and appeared honest, and their demeanor on the witness stand leads the Court to conclude that they were truthful about their own experiences and observations.

## III. FINDINGS OF FACT

The Court incorporates by reference the facts as detailed in its Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's Motion for Summary Judgment, Dkt. #35, and the Admitted in the Agreed Pretrial Order. *See* Dkt. #36. The following additional findings of fact are made by the Court and are based upon a preponderance of the evidence presented at trial and the above credibility analysis.

1. Plaintiff, Thomas Weinstein is a natural person residing in the state of Washington. Plaintiff is a consumer defined by 15 U.S.C. § 1692a(3) and a debtor as defined by RCW 16.16.100(7).

2. Defendant is a debt collector as defined by 15 U.S.C. §1692a(6) and collection agency as defined by RCW 19.16.100(4).

3. The default judgment obtained by Defendant and against Plaintiff in King County Superior Court case no. 15-2-24463-9 KNT is still in effect.

4. As of the date of trial, Defendant has taken no action to vacate or modify the default judgment.

5. Defendant has been warned and admonished multiple times by the King County Superior Court about its improper default tactics. Such warnings came during the same period of time as the events of this case. Dkt. #30 at 9, n.7 (citing Dkt. #17-1 at ¶¶ 12-13, Ex. D and E).

6. Given the facts of this case as stated above and stated in incorporated filings, Plaintiff has suffered actual damages in the amount of $1,468.94 for the amounts garnished after Defendant's ill-gotten default judgment. Plaintiff has suffered actual damages in the form of emotional distress totaling $30,000. This number is based on the testimony of Plaintiff and his wife as to how Defendant's actions repeatedly harmed Plaintiff by causing stress, anxiety, feelings of helplessness and hopelessness, and other forms of general emotional distress.

7. Plaintiff was unable to meet his burden of demonstrating additional requested damages at trial. For example, Plaintiff did not demonstrate by a preponderance of the evidence that he will need to pay any specific sum of money to an attorney to vacate or modify the state court judgment. Plaintiff did not demonstrate that he suffered damages for any amounts paid via his debit card to reduce his debt owed to Defendant's client, which is not in dispute.

### IV. CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and this dispute under federal law.

2. The Court adopts its previous legal rulings as detailed in its Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's Motion for Summary Judgment as conclusions of law, Dkt. #35. In that Order, the Court ruled that Defendant's conduct violated multiple sections of the FDCPA, including 15 U.S.C. 1692 §§ 1692e, e(2), e(5), e(10), 15 U.S.C. § 1692f and (f)1. Additionally, this Court ruled that Defendant violated RCW 19.16.250(21) by obtaining the judgment and taking actions to enforce it.

3. Plaintiff is entitled to actual damages in this case under the Fair Debt Collection Practices Act ("FDCPA"), including emotional distress. 15 U.S.C. § 1692k; *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011).

4. Emotional distress is established though Plaintiff's testimony, and the testimony of Plaintiff's wife. Expert testimony is not a requirement.

5. Based on the facts and circumstances in this case, such as the high number of violations and the fact that Defendant continues to maintain its improper judgment in state court, Plaintiff is entitled to the maximum statutory damages under the FDCPA in the amount of $1,000.00. *See* 15 U.S.C. § 1692k(a)(2)(A).

6. Plaintiff is entitled to actual damages under the Washington Collection Agency Act ("WCAA") and Consumer Protection Act ("CPA"). RCW 19.16.440 and RCW 19.86 et seq. Such actual damages include only the wages that Defendant garnished using its improper default judgment as a basis, which total $1,468.94. Pre-judgment interest at 12% is properly assessed to the amount of $1,468.94 from the date of the garnishment (July 2017) to the date of trial, for an additional $176.27. RCW 4.56 et seq.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

7. Based on the facts and circumstances in this case, treble damages are appropriate in pursuant to RCW 19.86.090 to deter and punish defendant from further violations. *Mason v. Mortg. Am., Inc.*, 114 Wn.2d 842, 855 (1990). This is especially so given the fact that Defendant still maintains its improper judgment and has been warned repeatedly about its default practices. Trebling applies only to the amounts taken from Plaintiff in an improper garnishment and not to Plaintiff's emotional distress damages. Recoverable damages under the CPA, after trebling, total $4,935.63.

8. Plaintiff is entitled to costs of suit together with reasonable attorney's fees under the FDCPA. 15 U.S.C. § 1692k. Plaintiff shall file a petition for fees and costs, which will be heard after this case is closed below.

9. Having fully considered the evidence presented at trial, the exhibits admitted into evidence, and the argument of counsel, and being fully advised, the Court finds in favor of Plaintiff Weinstein in the total amount of $35,935.63. The clerk shall enter judgment accordingly. This matter is now CLOSED.

It is so ORDERED.

DATED this 23 day of January, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE