UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS WEINSTEIN, <br><br> Plaintiff, <br><br> v. <br><br> MANDARICH LAW GROUP, LLP, <br><br> Defendant. | Case No. C17-1897 RSM <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |

This matter comes before the Court on Plaintiff Thomas Weinstein's Motion for Attorney's Fees and Costs under the Fair Debt Collection Practices Act ("FDCPA"). Dkt. #44; *see also* 15 U.S.C. § 1692k(a)(3). Defendant Mandarich Law Group acknowledges that reasonable attorney's fees are awardable in this case but challenges the hourly rate and number of hours requested by Plaintiff. Dkt. #45.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination in FDCPA cases, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 1

listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id*. (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). It is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 2

The Court will first address the hourly rate. The Court finds that the hourly rates of $400 for Mr. Anderson and $350 for Mr. Santiago are reasonable based on the experience, skill, and education of each attorney, and supported with citations to relevant cases where similar billing rates were awarded and at least one declaration from an attorney practicing in the community. *See* Dkts. #44-1, #44-2, and #44-3.

The Court next turns to the hours requested. Counsel has attached a detailed timesheet outlining all time entries in this case, with fees totaling $81,125. Dkt. #44-1, Ex. A. There are no block-billed entries, and there are no clerical tasks billed as attorney tasks. The Court finds that the hours requested generally reflect an effort to avoid duplicative billing between counsel. The entries attacked in Defendant's Response brief as excessive reflect work that supported Plaintiff's case, and these entries do not strike the Court as particularly excessive. These entries will not be cut. Plaintiff also subsequently request $2,320 for time spent drafting a Reply brief. The Court will award Plaintiff all hours as requested.

The costs requested, $1,638.94, also appear proper. Defendant takes issue with the fact that Plaintiff fails to provide receipts for any of these costs, however Plaintiff attaches receipts to his Reply brief. *See* Dkt. #46-1, Ex. B. Costs for depositions not used at trial but relied on at the summary judgment stage are recoverable.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Attorneys' Fees (Dkt. #44) is GRANTED. Defendants shall pay Plaintiff $83,445 in attorney's fees and $1,638.94 in costs.

//

//

//

DATED this 22nd day of February 2019.

_RICARDO S. MARTINEZ_
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 4